**Edwin William PETTITT, Jr. and Erwin Smith McGee, Plaintiffs–Appellants,**

v.

**Don BAKER, Geoffrey Price, and Baker & Price, P.C., Defendants–Appellees.**

No. 88–1687.

United States Court of Appeals, Fifth Circuit.

June 30, 1989.

Mark Cohen, Austin, Tex., for plaintiffs-appellants.

Broadus Autry Spivey, Paul E. Knisely, and Spivey, Grigg, Kelly & Knisely, Austin, Tex., for defendants-appellees.

Before REAVLEY and POLITZ, Circuit Judges, and HUNTER,* District Judge.

POLITZ, Circuit Judge:

Edwin William Pettitt and his attorney, Erwin Smith McGee, seek damages from Don Baker, Geoffrey Price, and Baker & Price, P.C. for willful violations of an automatic stay in bankruptcy, 11 U.S.C.

---

\* District Judge of the Western District of Louisiana, sitting by designation.

§ 362(a). The district court granted summary judgment in favor of the defendants based on its determination that no private cause of action for such exists under the Bankruptcy Act of 1978. Concluding that 11 U.S.C. § 362(h) creates a private remedy for a willful violation of a section 362(a) stay, we vacate and remand.

## Background

The law firm of Baker & Price represented Alushield Metal Corporation in a Texas state court suit against Pettitt in which Alushield Metal was granted a default judgment in the amount of $18,848.61. On January 30, 1985 Geoffrey Price, an attorney with Baker & Price, transmitted a writ of execution on property owned by Pettitt in Travis County. That property was sold at a constable's execution sale on March 5, 1985. On April 8, 1985 Price transmitted a writ of execution affecting property owned by Pettitt in Galveston County, and that property was sold at an execution sale. According to the pleadings, these properties were acquired either on behalf of Baker & Price or by someone associated with the firm.

On April 23, 1985 Pettitt filed a state court action against Alushield and Geoffrey Price seeking to recover his property and an award of damages. On October 29, 1986 Price and other creditors holding claims against Pettitt filed an involuntary bankruptcy petition against him pursuant to 11 U.S.C. § 303.

On November 5, 1986, in the Alushield suit, Baker & Price filed an application for turnover of Pettitt's causes of action against Alushield and Geoffrey Price. Turnover was granted and the state court ordered the execution sale of those causes of action. Don Baker attended the constable's execution sale as attorney for Geoffrey Price and acquired the causes of action.

As attorney for Price, Baker filed several pleadings with respect to the causes of action Price had purchased at the execution sale, including one entitled "Plaintiff's Notice of Dismissal with Prejudice." Shortly thereafter, the state court ordered that all parties take no further action in the state court suit because of the stay in bankruptcy. Pettitt and McGee subsequently filed the instant suit against Baker, Price, and Baker & Price, invoking 11 U.S.C. § 362(h) and alleging that the defendants willfully violated the automatic stay in bankruptcy, 11 U.S.C. § 362(a).

## Analysis

Citing *In re Stacy*, 21 B.R. 49 (Bankr.W. D.Va.1982), the district court held that the Bankruptcy Code of 1978 does not provide a debtor with a private cause of action to seek monetary damages against a party who has violated an automatic stay. The district court's reliance on *Stacy*, decided prior to the 1984 amendments to the Bankruptcy Code, was misplaced. By Act of July 10, 1984, Congress amended the automatic stay provision of the Bankruptcy Code, adding subsection (h) to 11 U.S.C. § 362, providing:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Act of July 10, 1984, Pub.L. No. 98–353, 98 Stat. 392. We conclude that subsection (h) creates a private remedy for one injured by a willful violation of an automatic stay. *See In re Bragg*, 56 B.R. 46 (Bankr.M.D. Ala.1985); *see also* G. Treister, *Fundamentals of Bankruptcy Law* 209 (1988).

We are cognizant that there are scant primary or secondary authorities applying or discussing the relatively new subsection (h). Nor is there a plethora of enlightening references in the relevant legislative history. We do not consider such essential, however, to today's task. To hold that 11 U.S.C. § 362(h) does not create a private right of action would require us to ignore its plain and express language. As we read that language, we cannot but conclude that Congress established a remedy for an individual injured by a willful violation of a

section 362(a) stay.[1]

In reaching the conclusion that 11 U.S.C. § 362(h) creates a private right of action, we express no opinion regarding whether the present action was brought in the proper forum or whether, in the factual and procedural posture of this matter, Pettitt and McGee have the requisite standing. Those matters should be first addressed by the court *a quo.*

VACATED and REMANDED for further proceedings consistent herewith.

---

1. Because we find that subsection (h) expressly provides a private right of action, it is not necessary for us to analyze the provision under the test articulated by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).