Anthony R. MARTIN–TRIGONA, Plaintiff–Appellant,

v.

CHAMPION FEDERAL SAVINGS AND LOAN ASSOCIATION, formerly known as Bloomington Federal Savings and Loan Association, and Schiff, Hardin and Waite, Defendants–Appellees.

No. 88–2021.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 1, 1989.

Decided Dec. 26, 1989.

Anthony R. Martin–Trigona, Middletown, Conn., pro se.

Aaron J. Kramer, Sam V. Menegas, Schiff, Hardin & Waite, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and POSNER and MANION, Circuit Judges.

POSNER, Circuit Judge.

This is a suit to redress alleged wrongdoing in the course of the plaintiff's bankruptcy some years ago. The plaintiff had sued defendant Champion in an Illinois state court; the nature of the suit is unimportant. While the suit was pending, the plaintiff was petitioned into bankruptcy. Champion, represented by the defendant law firm, moved to dismiss the plaintiff's complaint in the Illinois litigation. After procedural tergiversations unnecessary to

recount, the suit was dismissed. The plaintiff's appeal from the dismissal was itself later dismissed for failure to prosecute. Before that appeal was filed, the trustee in bankruptcy had abandoned the interest of the bankrupt estate in the litigation.

■ All this was in 1981 and 1982. The present suit was filed in 1988. The complaint, which seeks damages, is in three counts. The first charges that the defendants violated the automatic stay in bankruptcy (to oversimplify, the filing of the petition in bankruptcy automatically stays all suits against the bankrupt, 11 U.S.C. § 362) by moving to dismiss the plaintiff's Illinois state court action. The second charges that the tactics which the defendants employed in procuring that dismissal violated due process of law. The third challenges those tactics as common law fraud. The district court dismissed the suit on the defendants' motion for summary judgment.

■ The second count is frivolous because it fails to allege state action by the defendants, both of which are private entities. The third is frivolous also, being plainly barred by the relevant statute of limitations, which is five years. Ill.Rev. Stat. ch. 110, ¶ 13–205. The first count, however, presents more complicated issues. One is jurisdictional: whether a violation of the automatic stay creates a right of action. The only decision on the point, *Pettitt v. Baker*, 876 F.2d 456 (5th Cir.1989), holds that it does, relying on the following amendment made in 1984 to the automatic-stay provision: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). Section 1334(a) of the Judicial Code vests original and exclusive jurisdiction over cases arising under Title 11 (the Bankruptcy Code) in the federal district courts, and a case under section 362(h) is such a case. So, without more, it would be clear that a suit to enforce one's rights under section 362(h) could be brought in district court before a district judge, as Martin–Trigona

has done. But there is more. Section 157 of the Judicial Code establishes procedures in the district court for "any or all cases under title 11," and those procedures signally include reference to a bankruptcy judge, which was not done here. It was not done in *Pettitt* either, and the court left open the question of the proper tribunal.

■ Here no more than in *Pettitt* need we decide whether the case should have been referred to a bankruptcy judge. For in any event the automatic stay is inapplicable to suits *by* the bankrupt ("debtor," as he is now called). This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over "property of the estate," § 362(a)(3), and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982), and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

■ The Second and Third Circuits have held the automatic stay applicable only to actions against the bankrupt or to seizures of property of the bankrupt. *In re Berry Estates, Inc.*, 812 F.2d 67, 71 (2d Cir.1987); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982). A slew of bankruptcy-court decisions concur. There is one outlier, *In re Critical Fork Coal*

*Co.,* 18 B.R. 422, 424 (Bankr.W.D.Va.1982), though it is not strictly an automatic-stay case. It holds that costs incurred by the bankrupt in a lawsuit that he prosecutes after entering bankruptcy are post-petition debt and hence require the permission of the bankruptcy court to incur, 11 U.S.C. § 364; from which the court concluded that there can be no proceedings in the case—it must in other words be stayed—without judicial authorization. We disagree with this chain of reasoning at various points but need mention only one. When as in the usual case the bankrupt is represented by a lawyer under a contract implicit or explicit—a contract executory as to the future course of the suit—it is up to the bankruptcy trustee to decide whether to accept the contract. 11 U.S.C. § 365. This is an aspect of the trustee's stepping into the bankrupt's shoes. It has nothing to do with whether the defendant in the bankrupt's suit may continue litigating his defenses without leave of the bankruptcy court.

Analysis is complicated here by the fact that Martin–Trigona had no lawyer in the Illinois state court action after he went into bankruptcy. Conceivably he depleted assets belonging to the estate in opposing the defendants' motion to dismiss. But that is a matter between him and the trustee, whose property the suit became when Martin–Trigona went bankrupt and a trustee was appointed. As for the interim between the bankruptcy and the appointment—an interval during which Martin–Trigona might have been wasting the assets of the bankrupt estate in responding to efforts by the defendants to get the case dismissed—it is too trivial a concern to defeat the rights of defendants to defend themselves.

So much for the merits; but a procedural issue remains to be considered. The general rule is that when the federal claims are dismissed before trial, the district court should relinquish jurisdiction over any pendent state-law claim rather than resolve it on the merits. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Judge Moran did not do this, but instead dismissed Martin–Trigona's count for common law fraud on the merits. In the circumstances, this action was not an abuse of discretion. There are many exceptions to the general rule, *Spartech Corp. v. Opper,* 890 F.2d 949, 952 (7th Cir.1989), of which the one applicable here is that if it is absolutely clear that the pendent claim can be decided in only one way, the district judge can and should decide it, to save the time of the state court. *Mechmet v. Four Seasons Hotels, Ltd.,* 825 F.2d 1173, 1178 (7th Cir.1987). Hence if the pendent claim is frivolous the judge can dismiss it with prejudice—and should do so, in order to protect the defendant from being harassed in state court by frivolous filings. Compare *Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d 440, 442 (7th Cir.1984). Such a dismissal is not an invasion of state prerogatives, for if correct a judgment of frivolousness identifies an issue that a state court would have no interest in being permitted to decide for itself.

AFFIRMED.