**Richard D. PRICE, Jr., formerly doing business as Richard D. Price, Jr. & Associates, Limited, Plaintiff–Appellant,**

v.

**James M. ROCHFORD, Kirk A. Holman, Jack C. Vieley, et al., Defendants– Appellees.**

**No. 90–1179.**

United States Court of Appeals, Seventh Circuit.

Submitted June 10, 1991.*

Decided Nov. 8, 1991.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice advised the parties that they could file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). None of the parties filed a statement; accordingly, the appeal has been submitted on the briefs and the record.

Michael D. Gifford, Peoria, Ill., for James M. Rochford, Kirk A. Holman.

Franklin L. Renner, Littler, Renner, Howard & Schroeder, Peoria, Ill., for John Howard.

Glenn H. Collier, Peoria, Ill., for Louise Natonek, City of Peoria.

Frank Hess, Asst. Atty. Gen., Springfield, Ill., Franklin L. Renner, Littler, Renner, Howard & Schroeder, Michael D. Gifford, Glenn H. Collier, Peoria, Ill., for Karen Cheesman, Irene Haigis.

William A. London, Asst. Atty. Gen., John A. Morrissey, Chicago, Ill., Frank Hess, Asst. Atty. Gen., Springfield, Ill., for James R. Edgar.

Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

CUDAHY, Circuit Judge.

Between September 1987 and August 1988 Richard Price filed for bankruptcy three times. With increasing alacrity, the bankruptcy court dismissed each petition. In February 1989, five months after his last petition was dismissed, Price brought suit in federal district court against the creditors who proceeded against him in state court while one or another of the bankruptcies was pending.

Most of the defendants, Price claims, willfully violated the provisions of the automatic stay, 11 U.S.C. § 362 (1988), while he was in bankruptcy. This entitles him, he claims, to damages and attorney's fees under 11 U.S.C. § 362(h). In addition, Price claims that Louise Natonek deprived him of his constitutional rights by willfully prosecuting him for ordinance violations on behalf of the City of Peoria while the stay was in effect, in violation of 42 U.S.C. § 1983 (1988). Finally, Price asks that James Edgar, the (then) Illinois Secretary of State, return his driver's license.

The district court dismissed all of Price's claims under section 362(h), holding that section 362(h) does not create a right of action that can be enforced outside of bankruptcy. Memorandum Opinion and Order at 10 (Dec. 21, 1989) (hereinafter Mem.Op.). As an alternative to this holding, however, the court also granted summary judgment on Price's section 362(h) claims in favor of all of the defendants except for Willie Gardner. *Id.* at 37. The court also dismissed Price's section 1983 claim against Natonek, ruling that Price failed to raise a genuine issue of fact as to Natonek's knowledge of his bankruptcy and that Natonek was protected by prosecutorial immunity. The court also found Price's claim against the Secretary of State to be moot, since Price's license had already been returned. Finally, the court imposed sanctions against Price under Fed.R.Civ.P. 11 in the amount of $20.

We hold that 11 U.S.C. § 362(h) creates a cause of action that can be enforced after

bankruptcy proceedings have terminated. Nonetheless, we affirm the summary judgments in favor of James Rochford, Kirk Holman, Jack Vieley, John Howard, Littler, Moon, Renner, Howard & Wombacher, Louise Natonek, the City of Peoria and James Edgar. We affirm the imposition of sanctions. We reverse the judgment of the court with respect to Willie Gardner and remand for further proceedings.

## I. *Failure to State a Claim*

Section 362 is the central provision of the Bankruptcy Code. When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840–41; and *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982).

In 1984 Congress overhauled the Bankruptcy Code and its related jurisdictional statutes in an effort to solve constitutional problems identified by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). As part of the package, Congress also amended section 362 to add an explicit sanction for willful violations of the automatic stay. The new subsection (h) provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

Pub.L. No. 98–353, § 304, 98 Stat. 352 (1984).

In the process of passing the 1984 amendments, not much was said about the new sanction. In fact, no one seems to have thought much about it at all. Congress did not enact a statute of limitations, nor did it clarify what *kinds* of "actual damages" may be recovered, whether a corporate debtor counts as "an individual" and whether willfulness requires mere knowledge of the automatic stay or knowledge that one's actions will violate the stay.

Fortunately, only a narrow question presents itself here—does section 362(h) create a cause of action that survives the termination of the underlying bankruptcy? The district court, perhaps inspired by the facts of the present case, decided that section 362(h) should be read as a special statutory power of contempt to be exercised by bankruptcy judges while the bankruptcy is pending. Certainly bankruptcy judges would be best suited to hear claims that the stay has been violated when the parties are already before them. Moreover, statutes that appear to create causes of action should be construed narrowly with due attention to their larger statutory context. Since subsection (h) merely enforces the stay, the court reasoned, the right of action should come to an end when the stay does.

The position is appealing. When Congress creates a cause of action we are naturally concerned that it should be kept within the bounds that Congress would intend. Nonetheless, the language of the statute does not support the limitation. This court has faced the issue once before, although it does not appear to have been argued. In *Martin–Trigona v. Champion Federal Sav. & Loan Ass'n*, 892 F.2d 575 (7th Cir.1989), a debtor sued a creditor for violating the automatic stay some six or seven years after the underlying proceedings ended. The court devoted most of its discussion to a demonstration that Champion had not, in fact, violated the automatic stay. *Id.* at 577–78. Nonetheless, it noted in passing that "without more, it would be clear that a suit to enforce one's rights under section 362(h) could be brought in district court before a district judge, as Martin–Trigona has done." *Id.* at 577.

We too think that the language is too clear to be ignored, and we hesitate to impose an artificial limit on the breadth of

the provision, however appealing the policy considerations. Price did state a claim.[1]

## II. *Summary Judgment*

Given that Price stated a claim under section 362(h), we must turn to the district court's alternate holding. The defendants sued Price for business debts (defendants Rochford, Holman and Howard), malpractice (Vieley) and for parking tickets and municipal taxes (Natonek and the City of Peoria). Gardner sued Price in small claims court for breach of contract. By and large, the defendants do not dispute that their actions violated the automatic stay. They do dispute Price's claim that their violations were willful. The district court reviewed the record exhaustively and determined that Price failed to show any reason to believe that the defendants knew he was in bankruptcy when they took legal action against him.

We review the district court's grant of summary judgment *de novo* and "must view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Lister v. Stark*, 942 F.2d 1183, 1187 (1991) (internal quotations omitted). Nonetheless, Price must "demonstrate, through specific evidence, that there remains a genuine issue of triable fact." *Id.* at 1187 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

### A. Defendants Rochford; Holman; Vieley; Howard; Littler, Moon, Renner, Howard & Wombacher; Natonek and the City of Peoria

All of the defendants except for the Secretary of State and Willie Gardner present-

ed sworn affidavits stating that they had no actual knowledge that Price was in bankruptcy when they proceeded against him. These affidavits came as no surprise, since Price never gave the bankruptcy court an acceptable list of creditors to notify[2] and does not claim to have made any systematic effort to reach them himself. Nor does it appear that notification would have been ineffective; each time Price raised his pending bankruptcy as a defense the proceedings were continued until his petition was dismissed.

In response to the defendants' affidavits, Price, a former attorney, verified his pleadings based upon "his own personal knowledge or upon his information and belief." Supplement to Motions for Summary Judgment, Opposition to Motions to Dismiss and Request for Rule 11 Sanctions at unnumbered p. 7 (Oct. 17, 1989) (hereinafter Supp.). Although this form of verification avoids the possibility of perjury (or perhaps *because* it avoids the possibility of perjury), it is insufficient for the purposes of opposing a motion for summary judgment: "opposing affidavits shall be made on personal knowledge ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).

Even if the verification were in proper form, however, Price still cannot merely rest upon his pleadings. He must "set forth specific facts showing that there is a genuine issue for trial." *Id.* This same observation applies to Price's sworn statements that the defendants have sim-

---

1. A claim for damages under section 362(h) should probably have been referred to the bankruptcy court under Rule 35 of the United States District Court for the Central District of Illinois. Moreover, as a "core" proceeding, such a claim could be finally determined by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(A) (1988); *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990) (proceeding is "core" if it invokes a substantive right provided by title 11) (citation omitted).

   None of the parties have questioned the propriety of bringing the case in the district court,

   however, and the defect is not jurisdictional. 28 U.S.C. § 1334(a) (1988) (district courts have original jurisdiction of all civil proceedings under the Bankruptcy Code). Moreover, after a bankruptcy is over, it may well be more appropriate to bring suit in district court, especially when other claims are attached.

2. Price's repeated failure to file a proper mailing matrix is one of the reasons that all three petitions were dismissed by the bankruptcy court.

ply lied. Supp. at 1, 3, 5. Price also points to some circumstantial tidbits that show that the defendants came tantalizingly close to having knowledge. For example, in the suit brought by Kirk Holman, Price actually told the presiding judge that he was in bankruptcy. But Holman swears that the judge did not pass the information on and that he did not review the court file. Price offers no facts to suggest that Holman is not telling the truth. Price also points to case files prepared by Louise Natonek's associate, Gary Morris, which indicate that he knew that Price was in bankruptcy. But Natonek swears she did not look into those files and that Morris did not pass on the information. Again, Price thinks she must have, but he must "do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ Somewhat more troubling is the district court's refusal to consider the newspaper articles that Price presented. The court believed the articles to be inadmissible. Mem.Op. at 16. If so, they fail to meet the requirements of Rule 56(e). Unfortunately, the trial court did not specify its objection, and the articles appear to us to be admissible. Newspaper articles are generally self-authenticating, Fed.R.Evid. 902(6), and there is no hearsay problem since Price did not offer the articles to prove that he was in bankruptcy, only that he was *reported* to have been in bankruptcy. Even if we consider the articles, however, Price has still raised no more than a metaphysical doubt. We may wonder whether lawyers in a relatively small city would read articles about the troubles of local businessmen, but Price offered no specific facts tending to show that any of the defendants read these articles or even that they read the newspapers in which the articles appeared.

■ To survive a motion for summary judgment, a debtor who has made as little effort to notify his creditors as Price has must be able to show more than intimations that his creditors may have been troubled by rumors of his bankruptcy.

### B. Section 1983 Claim Against Defendant Louise Natonek

■ On appeal, Price has argued only that he did raise an issue of genuine fact as to Natonek's knowledge of his bankruptcies. Therefore, our finding that Price did not raise an issue with respect to her knowledge also disposes of his section 1983 claim, and we do not reach the trial court's holding that Natonek enjoys immunity when prosecuting municipal ordinance violations.

### C. Defendant Willie Gardner

Like the other defendants, Willie Gardner also moved to dismiss. In his motion he stated that " 'Willie Gardner's case was filed on October 8, 1987 [in small claims court], and at that time I was not aware of the fact that Richard D. Price, Jr. had filed for Bankruptcy, had I known this I would not have spent the filing fee because I know it would be a lost cause.' " Mem.Op. at 36. Unfortunately, probably because he was appearing *pro se*, Gardner did not supplement this motion with a sworn affidavit. Although Price's response to Gardner's motion was even more conclusory than his responses to the other motions to dismiss, the district court did not grant summary judgment for Gardner because it could not "treat the statements he made in his motion to dismiss as supporting affidavits required by Fed.R.Civ.P. 56(e)." *Id.* Since we have found that Price did state a cause of action under section 362(h) against Gardner, we must therefore reverse the court's grant of Gardner's motion to dismiss.[3]

---

**3.** Gardner did not file a brief in this appeal, and we cannot rule on the propriety of the District Court's reason for not granting summary judgment in his favor. In that connection, however, we note that Rule 56 does not *always* require supporting affidavits in motions for summary judgment: "regardless of whether the moving party accompanies its motion with affidavits,

### III. *Mootness*

Although Price has included the Secretary of State in his appeal, he does not contest that this claim was moot when dismissed. Appellant's Br. at 11. As Price has raised no issue, no further discussion is required.

### IV. *Sanctions*

The district court found that Price misrepresented court records in making allegations against Natonek. Taking into account Price's former status as a lawyer as well as his indigency and mental problems, the court imposed a sanction of $20. On appeal, Price does not claim that his allegations about Natonek were true or well-founded. Instead, he argues that if the summary judgment falls, then so too must the sanction against him. We have upheld the grant of summary judgment, but even had Price prevailed he would still be bound by the strictures of Rule 11.

### V. *Conclusion*

For the reasons stated above, we AFFIRM the judgment of the district court with respect to defendants James Rochford, Kirk Holman, Jack Vieley, John Howard, Littler, Moon, Renner, Howard & Wombacher, Louise Natonek, the City of Peoria and James Edgar. We AFFIRM the imposition of sanctions. We REVERSE the court's decision with regard to Willie Gardner and REMAND for further proceedings.

---

the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Moreover, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all her evidence." *Id.* at 326, 106 S.Ct. at 2554.