986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael SANDERS, Plaintiff-Appellant,
v.
D.F. KELLY, et al., Defendants-Appellees.
 No. 91-2024.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 23, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Michael Sanders, a state prisoner, brought a pro se civil rights action pursuant to 42 U.S.C. § 1983. Sanders claims that defendants, Pontiac Correctional officers, violated his constitutional rights when they denied him visitation. The district court dismissed the complaint against three of the defendants for failure to state a claim, and subsequently granted summary judgment to the remaining defendants. Sanders filed a timely appeal to the judgment. We affirm.
 
 I. BACKGROUND
 
 2
 Upon receiving a call for a visit, defendant Clardy authorized Sanders to leave his cell. When he reached the visitation room, however, defendant Mattox denied Sanders access because he was wearing a shirt without a collar. Defendant Kelly, the Duty Warden, confirmed that prison regulations require inmates to wear shirts with collars, and told Sanders that he could not receive visitors until he changed his shirt. Inmate Orientation Manual, G., 10 & 14; see also ILL.ADMIN.CODE tit. 20, § 525.60(e)(5) (1991) (stating that visiting privileges may be denied for a violation of State or Federal laws or departmental rules by the committed person or visitor); ILL.REV.STAT. ch. 38, para. 1003-7-2(f) (1991). As Sanders was returning to his cell, he asked defendant Roper for the name of the duty officer who denied him visitation. Although Roper initially refused, he later provided Sanders with Mattox's name and badge number.
 
 
 3
 In his complaint, Sanders alleged that he had previously worn a collarless shirt during visits and contends that Mattox's actions were spurred by personal animosity and discrimination based on disbelief in the plaintiff's Islamic faith. He also asserts that Kelly's actions were motivated by retaliation, because Kelly was a defendant in a previous lawsuit filed by Sanders.
 
 II. ANALYSIS
 A. Dismissal for failure to state a claim
 
 4
 Among the alleged errors committed by the district court, plaintiff contends that the court erred when it dismissed the complaint against three of the named defendants; Gerberding, Clardy, and Roper, because they were part of a conspiracy to withhold information from him concerning the alleged violation of his constitutional rights. We review de novo a grant of a motion to dismiss for failure to state a claim. Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991). Liberally construing the plaintiff's pro se complaint, dismissal will be upheld only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 5
 Sanders argues that although these officers did not directly deny him visitation, they conspired to do so. An allegation of conspiracy alone is insufficient, however. In order to survive a dismissal for failure to state a claim, even a pro se plaintiff must support the claim with some factual allegations suggesting a meeting of the minds. Goldschmidt v. Patchett, 686 F.2d 582, 585 (7th Cir.1982); Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1206-08 (7th Cir.1980) (citing Sparkman v. McFarlin, 601 F.2d 261, 268 (7th Cir.1979)). Not only did plaintiff's complaint fail to allege a conspiracy, it contained no facts implicating Gerberding, Clardy, and Roper in a conspiracy to deprive Sanders of his constitutional rights. Taking Sanders allegations as true, and drawing all reasonable inferences from them, we agree that there is no basis to support a claim against the three defendants. Accordingly, we affirm the district court's dismissal for failure to state a claim against these three defendants. (Order July 16, 1990). See FED.R.CIV.P. 12(b)(6).
 
 B. Summary Judgment
 
 6
 The case was allowed to proceed against defendants Kelly and Mattox, but ultimately, summary judgment was granted for these defendants. Upon Sanders' appeal, we review de novo the district court's summary judgment ruling. Williams v. Anderson, 959 F.2d 1411, 1413 (7th Cir.1992). Drawing all reasonable inferences in the light most favorable to the non-moving party, we agree that there are no genuine issues of material fact presented and therefore, summary judgment was appropriate as a matter of law. See FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Williams, 959 F.2d at 1413.
 
 1. State Law Challenges
 
 7
 The crux of Sanders' argument is that defendants deprived him of due process by violating rules established by state law regarding inmate visitation. Particularly, he contends that when physically present at the institution, only the warden, as chief administrative officer, has authority to deny visiting privileges for violating a departmental rule. 20 ILL.ADMIN.CODE tit. 20, § 525.60(e)(5) (1991). Whether state officials violated state law does not present an actionable claim under section 1983, which addresses violations of federal law. Olim v. Wakinekona, 461 U.S. 238, 248-51 (1983); Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (in banc) ("Violations of state law do not automatically offend the constitution too."), cert. denied, 112 S.Ct. 1563 (1992); Archie v. Racine, 847 F.2d 1211, 1216-17 (7th Cir.1987) (in banc), cert. denied, 489 U.S. 1065 (1989).
 
 
 8
 There is likewise no constitutional claim under section 1983 for the defendants' alleged failure to post visitation rules and regulations as required by title 20 of the Illinois Administrative Code section 525.20(a)(1) (1991). See Olim, 461 U.S. at 248-51; Wallace, 940 F.2d at 248. Moreover, Sanders does not articulate how the defendants' failure to post the visitation rules violated his constitutional rights, nor could he because he received notice of the clothing rule in his orientation manual. Wallace, 940 F.2d at 248; Archie, 847 F.2d at 1215-18. Although Sanders raises alternative constitutional grounds for his section 1983 action, his failure to present supporting factual allegations renders summary judgment proper as to these claims as well.
 
 2. Equal Protection
 
 9
 Sanders claims that defendants' denial of visitation was motivated by "personal animosity" and a disbelief in his religion, and as such, violated his right to equal protection. Establishment of an equal protection violation requires that Sanders show "intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. Dept. of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir.1983). In order to satisfy this requirement at the summary judgment stage, Sanders must provide specific factual allegations to support his claim of religious discrimination. Price v. Rochford, 947 F.2d 829, 832-33 (7th Cir.1991). Because Sanders failed to provide any specific evidence to substantiate his belief that defendants singled him out as a member of a group, at least, in part for the purpose of causing an adverse effect on the group, summary judgment was proper. See New Burnham Prairie Homes Inc. v. Burnham, 910 F.2d 1474, 1481 (7th Cir.1990); see also Price, 947 F.2d at 832 (citing Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991)); Jafree v. Barber, 689 F.2d 640, 643 (7th Cir.1982) (mere conclusory assertions will not survive summary judgment, allegations must be supported by material facts)
 
 3. Retaliation
 
 10
 As an alternative ground, Sanders argues that in denying him visitation, defendant Kelly acted in retaliation. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir.1987) (quoting Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.1978), cert. denied, 440 U.S. 916 (1979)). A prisoner must allege a chronology of events from which retaliation can be inferred in order to support a claim of retaliation. Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988); Murphy v. Lane, 833 F.2d 106, 108 (7th Cir.1987); Benson v. Cady, 761 F.2d 335, 342 (7th Cir.1985) ("alleging merely the ultimate fact of retaliation is insufficient"). The mere fact that Sanders filed a previous lawsuit against Kelly, does not alone imply retaliation. Possibly summary judgment may have been avoided, however, had Sanders provided specific evidence to support his assertion that he had worn the same shirt in the visiting room three to five previous times without incident. No such evidence exists in the record, nor is there any indication that the pictures which Sanders alludes to as support of this claim were before the district court. Because Sanders failed to support his alleged chronology of events demonstrating retaliation with any factual evidence, he failed to effectively oppose summary judgment. Howland, 833 F.2d at 642 (party opposing summary judgment "must produce proper documentary evidence to support their contentions, and may not rest on mere allegations in the pleadings") (citing Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983)).
 
 4. First Amendment Right
 
 11
 The final constitutional basis argued is that defendants violated Sanders' First Amendment Right to "peaceful assembly" by denying entrance into the visiting room. Although incarceration does not deprive an individual of all constitutional rights, it is well established that a prisoner's associational rights are "severely and necessarily limited by the realities of confinement." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-26 (1977); Rios v. Lane, 812 F.2d 1032, 1036 (7th Cir.1987). Accordingly, the burden is upon the prisoner to demonstrate that corrections officials were "conclusively" wrong in their determination that a prisoners' associational rights were inimical to the orderly maintenance of the prison environment. Jones, 433 U.S. at 132. Sanders failed to allege any facts which would bring into question the clothing regulation and its impact on visiting privileges. Devoid of any factual allegations and legal citations supporting a violation of his right of association, Sanders' claim is merely conclusory and without merit.
 
 
 12
 Equally without merit is Sanders' claim that the district court erred in granting summary judgment without investigation of his complaint. Although Sanders argues that the court should have contacted his visitors to verify the complaint, he offered no affidavits nor explanation as to how information provided by his visitors could have created a disputed issue of fact, and we can discern none. By failing to affirmatively show through affidavits or other factual allegations that a genuine issue of material fact exists, Sanders failed to meet his burden to oppose summary judgment. See Celotex Corp., 477 U.S. at 323-24. (non-moving party may not rest on the pleadings but must affirmatively show that a material fact is in dispute).
 
 
 13
 Furthermore, he cites no legal authority creating an obligation in the district court to conduct an independent investigation, and there is clearly no such authority. As with the remaining constitutionally based arguments on appeal,[1] this argument is perfunctory, undeveloped, and unsupported by any legal authority and is therefore waived. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991) (this court is not obligated to research and construct legal arguments on behalf of the parties); United States v. Williams, 877 F.2d 516, 518-19 (7th Cir.), cert. denied, 493 U.S. 863 (1989); Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989) (pro se appeal brief containing no argument is frivolous per se); FED.R.APP.P. 28(a)(4). Moreover, these claims have also been effectively waived by Sanders' failure to raise them before the district court. United States v. Henry, 933 F.2d 553, 558 (7th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992).
 
 5. Motion for a Change of Judge
 
 14
 Finally, Sanders argues that the district court erred in denying his motion for a change of judge. (Appellant's Brief p. 1). Although review of the record reveals that no motion was made, we will interpret Sanders' argument as a claim that Judge Baker should have recused himself on the court's own motion. Sanders cites nothing in the record, nor does our independent review reveal any basis to convince a reasonable person that Judge Baker was biased against him. Sanders' mere allegations that Judge Baker "had disagreements" with him is insufficient. Adkins v. C.I.R., 875 F.2d 137, 142 (7th Cir.1989) (bias cannot be inferred from mere adverse rulings). Having offered no other support, this assertion is without merit.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In a very cursory fashion, Sanders raises for the first time on appeal the argument that his Sixth and Eighth Amendment rights were violated when the district court dismissed this case