**Betty REED, individually and as assignee of Denise Ramirez Churchwell and Denise Ramirez Churchwell, Plaintiffs**

v.

**AETNA CASUALTY AND SURETY COMPANY, INC., Defendant.**

**No. 92 CV 328.**

United States District Court, N.D. Indiana, Hammond Division.

March 29, 1995.

---

Albert C. Hand and Michael L. Muenich, Highland, IN, for plaintiffs.

John Trimble and Richard Shoultz, Indianapolis, IN, for defendant.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on the Motion to Strike filed by the defendant, Aetna Casualty & Surety Company, on October 22, 1993. For the reasons set forth below, the motion is **DENIED.**

### Background

On September 24, 1986, the plaintiff, Betty Reed, was a passenger in an automobile which was involved in an accident with an automobile driven by Denise Ramirez Churchwell. The automobile Churchwell was driving was insured by Aetna Casualty & Surety Company, Inc., under a policy issued to Churchwell's parents. The Aetna policy had liability limits of $100,000 per individual and $300,000 per occurrence. Churchwell was an authorized driver under the Aetna policy.

On July 12, 1987, Reed and others filed a lawsuit against Churchwell for their injuries arising from the accident. Aetna retained an attorney, Daniel Glavin, to defend the lawsuit. Both prior to and during the trial, Reed's attorney offered to settle the case for the policy limits. These settlement offers were rejected. On April 26, 1989, a jury

verdict was entered in favor of Reed in the amount of $272,675.00.

While the appeal was pending, Glavin continued to represent Churchwell during the hearings on Reed's complaint in proceedings supplemental. After the verdict was affirmed on appeal, Glavin withdrew in response to Reed's threats to file a lawsuit against Aetna alleging bad faith in failing to settle the claim. After Churchwell retained her own attorney, she assigned all of her claims against Aetna to Reed in exchange for a covenant not to execute on the judgment.

On October 7, 1992, Reed filed the present lawsuit against Aetna seeking compensatory and punitive damages based on the alleged bad faith conduct of Aetna in failing to settle Reed's claim within the policy limits. On July 30, 1993, Aetna filed a motion for summary judgment addressed to various aspects of the claim. In response to the motion for summary judgment, Albert C. Hand and Michael L. Muenich, the attorneys for Reed, filed affidavits which contained copies of correspondence relating to the settlement negotiations. Reed also filed a sworn statement given by Churchwell before a court reporter. In the pending motion, Aetna has alleged that the Churchwell statement and the Muenich affidavit do not comply with Federal Rules of Civil Procedure 56(c) and (e).

## Discussion

Under Rule 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Aetna contends that since the Churchwell statement is neither a deposition nor an affidavit, it cannot be considered in opposition to its motion for summary judgment.

This lawsuit has been filed by the attorneys who represented Reed in the personal injury action. Although Churchwell is named as a party plaintiff, she was represented by her own attorney when she assigned her claim to Reed. As such, she never established an attorney/client relationship with the plaintiff's attorneys. Sometime

after the jury verdict was affirmed on appeal, Churchwell moved to Hawaii with her husband who is in the military. In fact, the assignment was executed before a Hawaiian Notary Public. (Complaint, Exh. A)

On February 13, 1993, Churchwell appeared before a court reporter and gave a sworn statement. This statement was taken in Honolulu, Hawaii, in the offices of an attorney retained by Reed. Churchwell was questioned extensively concerning the settlement discussions which she had with Glavin both before and after the trial, Reed's efforts to collect the excess judgment, and her assignment of her bad faith claim to Reed. Since this statement was taken without notice, Aetna did not have an attorney present to cross-examine Churchwell.

▮ Aetna contends that the Churchwell statement is not admissible under Rule 56(c) since it is neither a deposition nor an affidavit. Aetna also contends that the statement may not be considered since it was not signed by Churchwell, it contains leading questions, and it was taken without Aetna having the opportunity to cross-examine Churchwell.

Rule 56 is designed to eliminate unsubstantiated claims prior to trial. When a motion for summary judgment has been filed, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading ..." Rule 56(e). The court must determine whether a party can produce evidence at trial to support his claim, and Rule 56(c) was not intended to restrict this inquiry.

> The court and the parties have great flexibility with regard to the evidence that may be used on a Rule 56 proceeding. Indeed, there are a number of provisions in the rule itself pertaining to the materials that may be considered by the court on a summary judgment motion.... Moreover, the particular forms of evidence mentioned in the rule are not the exclusive means of presenting evidence on a Rule 56 motion. The court may consider any material that would be admissible or usable at trial.

10A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2721 at p. 40

*See also Curnow v. Ridgecrest Police,* 952 F.2d 321, 324 (9th Cir.1991) (the district court properly considered an ex parte statement taken before a court reporter since the testimony was given under oath).

Aetna's other challenges to the Churchwell statement also are unconvincing. Although Aetna has not had the opportunity to cross-examine Churchwell concerning her testimony, Aetna is in the same position it would have been in if an affidavit signed by Churchwell had been filed. Since Aetna would not have had the opportunity to cross-examine an affiant, it has not been prejudiced by its inability to cross-examine Churchwell during her sworn statement.

The leading questions contained in the Churchwell statement also do not affect its admissibility for two reasons. First, a party may use leading questions during a deposition. If the same questions had been asked Churchwell during a deposition, her answers could have been considered in ruling on the motion for summary judgment. Second, affidavits filed in opposition to a motion for summary judgment generally are crafted by the party's attorney. Both a leading question and an affidavit prepared by an attorney suggest the correct response to the witness. Once again, Aetna is in the same position it would have been in if Churchwell had signed an affidavit.

Churchwell is a competent witness who was involved in the settlement negotiations prior to the personal injury trial. Her sworn statement does not contain any evidence which would be inadmissible at trial. Therefore, Reed may rely upon the Churchwell statement to meet her requirement to move beyond "the mere allegations or denials" of the pleadings.

The Motion to Strike also is directed to the Muenich affidavit. Rule 56(e) provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

In particular, Aetna contends that paragraph three of the Muenich Affidavit does not comply with Rule 56(e):

There is no evidence in any documents produced by Glavin or Aetna through discovery to indicate that Glavin ever advised Churchwell of her potential claim against Aetna, the statute of limitations, or the fact that I had made the offer on behalf of Betty Reed to settle the claim in exchange for an assignment of Churchwell's right to sue Aetna.

■ An affidavit complies with Rule 56(e) if it presents evidence which would be admissible at trial. As a general rule, this requires that the affiant have personal knowledge of the information contained in the affidavit. In *Visser v. Packer Engineering Associates, Inc.,* 924 F.2d 655 (7th Cir.1991), the Court of Appeals stated:

The proper ground for excluding the affidavits is that witnesses who are not expert witnesses ... are permitted to testify only from their personal knowledge. Testimony about matters outside their personal knowledge is not admissible, and if not admissible at trial neither is it admissible in an affidavit used to support or resist the grant of summary judgment.... It is true that "personal knowledge" includes inferences—all knowledge is inferential—and therefore opinions. But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience. (citations omitted)

924 F.2d at 659

*See also* Federal Rule of Evidence 602.

■ Evidence contained in the affidavit must be excluded if it does not comply with other Rules of Evidence. For example, hearsay is not admissible, *Wigod v. Chicago Mercantile Exchange,* 981 F.2d 1510, 1519 (7th Cir.1992), unless it comes within a recognized exception to the hearsay rule. *Oriental Health Spa v. City of Fort Wayne,* 864 F.2d 486, 490–91 (7th Cir.1988) (applying Rule

803(8)). Other evidence may be admissible if it is self-authenticating. *Price v. Rochford,* 947 F.2d 829, 833 (7th Cir.1991) ("[n]ewspaper articles are generally self-authenticating" under Rule 902(6)). Finally, the court may consider summaries prepared under Rule 1006. *Zayre Corporation v. S.M. & R. Company, Inc.,* 882 F.2d 1145, 1149 (7th Cir. 1989).

An affidavit is not improper simply because it was signed by an attorney of record. In *Friedel v. City of Madison,* 832 F.2d 965 (7th Cir.1987), the Court of Appeals stated:

> The use of affidavits by counsel is in certain carefully confined situations undoubtedly appropriate, but it is a tactic fraught with peril, and counsel must remember that the requirements of Rule 56(e) are set out in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion.

832 F.2d at 970.

*Compare Northwestern National Insurance Company v. Baltes,* 15 F.3d 660, 662 (7th Cir.1994) (affidavit filed by an attorney without first-hand knowledge was inadmissible).

The Muenich affidavit clearly was based upon his personal knowledge. In the summary judgment, Aetna has alleged that the claim was not filed within the two-year statute of limitations period. In response, Reed has argued that the statute of limitations was tolled by the doctrine of fraudulent concealment. Since Reed stands in the shoes of Churchwell, the knowledge of Churchwell and the conduct of Glavin and Aetna are relevant to the statute of limitations issue. After reviewing the materials provided during discovery, Muenich commented on the lack of documentary evidence informing Churchwell of her bad faith claim against Aetna. It cannot seriously be argued that Muenich does not have personal knowledge of the discovery materials provided by Aetna. As such, his affidavit is admissible under Rule 56(e).

For the foregoing reasons, the Motion to Strike filed by the defendant, Aetna Casualty & Surety Company, on October 22, 1993, is **DENIED.**