78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Toni R. LEE, Plaintiff-Appellant,
v.
WAL-MART STORES, Defendant-Appellee.
 No. 94-2154.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.[1]
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Toni R. Lee filed a pro se employment discrimination action against her former employer, Wal-Mart Stores, alleging discrimination on the basis of race. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981. Adopting the report and recommendation of a magistrate judge, the district court entered summary judgment in favor of defendant, and plaintiff has filed a pro se appeal.
 
 Background
 
 2
 Plaintiff began working for Wal-Mart in July 1990 as a salesperson in the jewelry department at the Michigan City, Indiana store. In September 1990, plaintiff became the manager of the jewelry department. A January 1991 evaluation of plaintiff, performed by the district manager for all Wal-Mart jewelry departments, Lisa Johnson, indicated that plaintiff needed to be more organized with paperwork; needed to better supervise other employees and hold them more accountable; and needed to maintain better control over the inventory. An audit that month revealed that some pieces of jewelry were missing. Plaintiff was able to account for all but a few pieces.
 
 
 3
 A February 1991 evaluation indicated that plaintiff had made improvements, and was working hard, but that she still needed to hold her associates more accountable, needed to delegate work assignments, and needed to maintain better control of inventory. This evaluation was marked "below standard." Plaintiff drafted a "plan of action," stating that she was going to take certain action to ensure improvement. She asked for a follow-up evaluation in 30 days, and asked for more staff (two of the seven employees in the department had quit[2]). Plaintiff attributes some aspects of her poor evaluation to lack of staff, inadequate training, and poor paperwork channeling. A final evaluation in March 1991 indicated that while plaintiff had many good qualities, including her ability to act independently, her dependability, her improved productivity, her delegating and organizing skills, her neatness, and her customer service, she still needed to improve staffing, time management, and the training of her employees. The evaluation was marked "standard."
 
 
 4
 In April 1991, Felicia King, who is white, began working for the store; within two weeks she notified the store manager, Brent Keller, that 17 claim forms and three deletion lists had not been processed between August 1990 and April 1991. Keller discussed it with plaintiff, and then gave her the next day off with pay to draft a "plan of action." The next day, plaintiff submitted her plan, again claiming that deficiencies in handling paperwork were due to understaffing, and inadequate training. Plaintiff also stated in that report that "[b]ecause of previous and recent discrimination matters this leads me to believe Wal-Mart uses Blacks and minorities [sic] people as scapegoats to blame their problems of poor management, poor training of associates, and poor communication." Keller instructed plaintiff to submit a more proper "plan of action" within 3 days. Plaintiff submitted this statement:
 
 
 5
 If giving your best is not exceptable [sic] and isn't meeting Wal-Mart standards than [sic] Wal-Mart has to make a decision about me. My plan of action has always been to do the best job I could possibly do.
 
 
 6
 Keller again found that the plan was inadequate, since it failed to specify how the deficiencies could be resolved, and therefore he terminated plaintiff's employment.
 
 
 7
 Plaintiff filed this suit, alleging disparate treatment in the conditions and termination of her employment.
 
 Standard of Review
 
 8
 Summary judgment is reviewed de novo. McCoy v. WGN Continental Broadcasting Co., 957 F.2d 368, 370 (7th Cir.1992). We examine the entire record in a light most favorable to the non-movant to determine whether the pleadings, admissions, affidavits and depositions on file reveal that no genuine issue of material fact remains and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 Refusal to Consider Affidavits
 
 9
 Plaintiff argues that the district court erred in refusing to consider two affidavits presented by plaintiff. Affidavits must be based on personal knowledge, and must contain statements that would be admissible as evidence in court. Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1264 (7th Cir.1993); Resolution Trust Corp. v. Juergens, 965 F.2d 149, 152 (7th Cir.1992); Price v. Rochford, 947 F.2d 829, 832-33 (7th Cir.1991).
 
 
 10
 The affidavits here consisted only of statements that they were made on the affiant's "best information and belief," which is insufficient for purposes of opposing a motion for summary judgment. See Price v. Rochford, 947 F.2d at 832; Visser v. Packer Engineering Associates, Inc., 924 F.2d 655, 659 (7th Cir.1991); Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir.1991). See also Taylor v. List, 880 F.2d 1040, 1045 n. 3 (9th Cir.1989); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988).
 
 
 11
 Moreover, the affidavits were statements of the affiants' feelings and personal opinions, which are not sufficient to oppose summary judgment, Visser, 924 F.2d at 659, and contained inadmissible hearsay, which is not permissible, Hong, 993 F.2d at 1265. The district court properly refused to consider the affidavits.
 
 Discrimination Framework
 
 12
 Under the indirect, burden-shifting method of proof articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), plaintiff must first establish a prima facie case of employment discrimination. Oxman v. WLS-TV, 12 F.3d 652, 654 (7th Cir.1993) (to establish prima facie case, plaintiff must show she is a member of a protected class; her work performance met her employer's legitimate expectations; despite her performance, she was discharged; and others not in the protected class were treated more favorably); Gilty v. Village of Oak Park, 919 F.2d 1247, 1250 (7th Cir.1990) (same). Once established, the prima facie case creates a rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors. At this point, the employer carries the burden of production to articulate some "legitimate, non-discriminatory reason" for the plaintiff's treatment. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). The rebuttable presumption disappears, and the burden of production shifts back to plaintiff, who must show by a preponderance of the evidence that the employer's stated reason for her dismissal is a pretext for illegal discrimination. McDonnell Douglas, 411 U.S. at 804. The plaintiff bears the burden of proof throughout the proceedings. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747 (1993).
 
 
 13
 Plaintiff here has failed to establish a prima facie case. She has not produced evidence indicating that her work performance met her employer's legitimate expectations. However, even if plaintiff had met her burden in setting forth a prima facie case, she failed to prove that Wal-Mart's reason for terminating her was a pretext for racial discrimination. In this case, the employer asserted that plaintiff was terminated due to poor job performance. Plaintiff's pro se brief suffers from several deficiencies, but the crux of her argument is clear: her poor job performance was caused by Wal-Mart's managerial failings. Thus, plaintiff apparently concedes that her job performance was lacking, but she insists it was due to understaffing inadequate training, and intentionally overworking plaintiff and undertraining her so that she could be fired for reasons of racial discrimination. In many aspects, then, her prima facie case and evidence of pretext overlap considerably.
 
 
 14
 Plaintiff does not claim that the complained-of performance reviews were not supported by legitimate business concerns. Instead, plaintiff argues that the pre-termination reviews, low ratings and warnings were part of a ruse concocted by the store's management to get plaintiff fired.[3] Thus, she denies responsibility for her poor work and claims that the inadequate job performance is itself the result of discriminatory treatment. Cf. Hong, 993 F.2d at 1263 (rejecting plaintiff's claim that her disciplinary record was the result of discriminatory treatment).
 
 
 15
 Plaintiff simply has not offered the court evidence that the demands made by her employer were illegitimate or arbitrary, Hong, 993 F.2d at 1263, Kephart v. Institute of Gas Technology, 630 F.2d 1217, 1223 (7th Cir.1980), or that other, non-black employees were not discharged when they committed similar errors. "In the face of this evidence of inadequate performance, the plaintiff cannot raise a material issue of fact on the question of the quality of her work merely by challenging the judgment of her superiors with regard to only one of these actions.... Uncontradicted evidence reveals that the plaintiff was not living up to her employer's legitimate expectations." Hong, 993 F.2d at 1264. Plaintiff's affidavit contains only self-serving statements that she believes discrimination occurred, which are not sufficient to raise a genuine issue of material fact. See Kizer v. Children's Learning Center, 962 F.2d 608, 613 (7th Cir.1992); Billups v. Methodist Hospital of Chicago, 922 F.2d at 1303.[4]
 
 
 16
 Thus, even if Wal-Mart was woefully inadequate in training its employees, used faulty judgment in raising plaintiff so quickly to management level without providing her with sufficient staff or training, and could not formulate a practical plan to eliminate the deficiencies in the jewelry department, it does not translate to racial discrimination; it may be poor business practice, but that is not a constitutional violation. See Timm v. Mead Corp., 32 F.3d 273, 276 (7th Cir.1994); Billups v. Methodist Hospital of Chicago, 922 F.2d 1300, 1304 (7th Cir.1991). It may be that any person, regardless of race, would have found it near-impossible to straighten out the problems in the particular jewelry department in question absent a better plan and better resources from Wal-Mart. Still, there is nothing in the record indicating that Wal-Mart intentionally plotted to withhold resources and good business advice from her, yet immediately give these resources and advice to a non-black person replacing her.
 
 
 17
 We agree with the district court that plaintiff failed to show that genuine issues of material fact remain regarding the question of whether her employer intentionally induced her to fail to meet her employer's legitimate job expectations so that at the time she was fired the employer would have a pretext to cover the fact that she was being fired for racially discriminatory reasons.
 
 
 18
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 One of these employees was replaced with a white female, Felicia King, who later became plaintiff's replacement
 
 
 [3]
 She refers to this as "constructive discharge." Since plaintiff was actually discharged, she need not jump through the problematic evidentiary hoops involved in establishing constructive discharge
 
 
 [4]
 In addition, portions of plaintiff's affidavit contradict her deposition testimony, and this court will not permit such contradiction to create a factual dispute that might withstand a summary judgment motion. See Adelman-Tremblay v. Jewel Cos., Inc., 859 F.2d 517, 520-21 (7th Cir.1988)