**Scott SWANSON, Plaintiff–Appellant,**

v.

**State of INDIANA, et al., Defendants–Appellees.**

**No. 00–4231.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 14, 2001.

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Scott Swanson filed a complaint in the district court in which he detailed a dispute with Van and Shirley Swindall and alleged civil rights and other violations by the Swindalls and eight other defendants. The district court dismissed the complaint with prejudice for failure to state a claim upon which relief can be granted, Fed. R.Civ.P. 12(b)(6), and Swanson appeals.

The district court offered a variety of reasons for dismissing the complaint, most notably the complaint's failure to mention the majority of the defendants anywhere besides the caption. Swanson offers no particularized arguments as to eight of the ten defendants on appeal, so we deem any claims as to those defendants abandoned.[1] *See, e.g., Doherty v. City of Chicago*, 75

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1. Those eight defendants are Michael S. Walsh, J.D. Richards, K. Mark Loyd, Johnson County Indiana and its Sheriff's Department and Circuit Court, the State of Indiana, and Van's Archery Shop, Inc.

F.3d 318, 323–24 (7th Cir.1996) (civil rights plaintiff who failed to take issue with district court's determination that she failed to state a particular claim waived claim on appeal from 12(b)(6) dismissal). Nor does he argue that he stated a civil rights claim against the Swindalls; those claims, too, are waived.

Swanson does assert, however, that his complaint stated "a viable claim for relief" regarding "an obvious violation of the automatic stay of bankruptcy." Swanson alleged in his complaint that Van and Shirley Swindall sued him for breach of contract in state court and that he filed for bankruptcy during the course of the litigation. The state court granted summary judgment in favor of the Swindalls, and they sought relief from the automatic stay that arose when Swanson filed his petition, see 11 U.S.C. § 362(a), in order to collect the judgment. The bankruptcy court granted relief from the stay with respect to certain items covered by a security agreement, but the Swindalls ignored this limitation, seizing "all of [Swanson's] personal property," even that which remained protected by the stay. The Swindalls nowhere address these allegations, but we agree with Swanson that they state a claim upon which relief can be granted.

The Bankruptcy Code creates a private right of action for the violation of an automatic stay, a statutory injunction against debt-collection efforts outside of the bankruptcy proceeding. See 11 U.S.C. § 362(a) & (h); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 913 (7th Cir.2001); *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 878–79 (7th Cir.2001). The cause of action survives the termination of the bankruptcy proceedings and may be brought initially in a district court, as Swanson's suit was.

*See Price v. Rochford*, 947 F.2d 829, 830–32 & n. 1 (7th Cir.1991); *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989). Because the facts Swanson alleged suggest that the Swindalls violated the stay willfully, his complaint stated a claim. *See Price*, 947 F.2d at 830–32.

The district court's order dismissing the complaint as to Van and Shirley Swindall is VACATED insofar as the complaint states a claim under 11 U.S.C. § 362(h), and the cause is REMANDED for further proceedings as to that claim. In all other respects the judgment is AFFIRMED.