PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3267
_____

IN RE: HEALTHCARE REAL ESTATE PARTNERS, LLC,
Debtor


HEALTHCARE REAL ESTATE PARTNERS, LLC,
Appellant

v.

SUMMIT HEALTHCARE REIT, INC.; JOHN JACOB
SPECKMANN; ARNOLD GOLDENBAUM; MARK
SAULIC; BRYAN TAYLOR; RICHARD G. PETERS, AS
TRUSTEE OF RICHARD & DARLENE PETERS TRUSTS;
LEROY J. BLAKE, AS TRUSTEE OF LEROY J. BLAKE &
LINDA J. BLAKE FAMILY TRUST; ROXIE M. BYBEE,
AS TRUSTEE OF ROXIE M. BYBEE TRUST, DATED
JULY 5, 2012; JAMES D. FRANKLIN, AS TRUSTEE OF
JAMES D. FRANKLIN TRUST; JOHN BAIKIE, AS
TRUSTEE OF JOHN THOMAS BAIKIE REVOCABLE
TRUST

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-17-cv-01555)
Honorable Malachy E. Mannion, District Judge
_____

Argued June 27, 2019

BEFORE:  CHAGARES, GREENAWAY, JR., and
GREENBERG, Circuit Judges

(Filed: October 22, 2019)
_____

Robert P. Goe
Goe & Forsythe
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

Christopher D. Loizides [Argued]
Loizides
1225 King Street
Suite 800
Wilmington, DE 19801
    *Counsel for Appellant*

Stuart M. Brown
R. Craig Martin [Argued]
DLA Piper
1201 North Market Street
Suite 2100
Wilmington, DE 19801
    *Counsel for Appellees*

_____

OPINION

_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.    INTRODUCTION

This matter comes on before this Court on an appeal by appellant Healthcare Real Estate Partners, LLC, ("Healthcare") challenging the District Court's order affirming a bankruptcy court's dismissal under Fed. R. Civ. P. 12(b) of Healthcare's adversary proceeding filed under 11 U.S.C. § 362(k) seeking damages for violation of the automatic stay that arose by reason of the institution of the bankruptcy proceedings. <u>See</u> 11 U.S.C. § 362(a). Healthcare contends that neither the District Court nor the bankruptcy court had a valid reason to dismiss its § 362(k) action without addressing its merits. For the reasons stated below, we agree with Healthcare, and thus we will reverse the District Court's order and remand the case to that Court to reinstate Healthcare's § 362(k) action.

## II. FACTUAL BACKGROUND

We rely on the District Court's recitation of the facts in its opinion affirming the order of the bankruptcy court dismissing the § 362(k) action. See Healthcare Real Estate Partners, LLC v. Summit Healthcare Reit, Inc., No. 17-1555, 2018 WL 4500880, at *1-2 (D. Del. Sept. 19, 2018) ("HREP"). Nevertheless, we summarize the relevant facts. Healthcare was the manager of certain investment funds. On September 16, 2015, the investors in the funds, petitioning creditors in the bankruptcy court, filed an involuntary bankruptcy petition against Healthcare with the intention of seeking its removal as the fund manager. Because Healthcare had not been served with process in the bankruptcy case, it did not receive notice of the filing of the petition which consequently was uncontested and the bankruptcy court entered an order for relief on the petition. Subsequently, Healthcare was removed as the fund manager, and the investors installed Summit Healthcare Reit, Inc. ("Summit") as the new fund manager. Summit then dissolved the funds. The petitioning creditors and Summit are the appellees on this appeal.[1]

About a month later, obviously having learned what had transpired, Healthcare filed a motion with the bankruptcy court, seeking to vacate the bankruptcy court's order for relief on the petition due to the faulty service of process on it. The bankruptcy court held an evidentiary hearing on the motion which it then granted, vacating its prior order for relief. Then,

---

[1] The clerk of this Court entered an order on November 6, 2018, providing that Summit's attorney shall be the designated filer for all appellees.

4

having achieved their objective, appellees moved to voluntarily dismiss the petition. Healthcare opposed dismissal asserting that it had claims for damages against appellees under 11 U.S.C. § 303(i) because it contended that the petitioning creditors had filed the petition in bad faith.[2] The bankruptcy court granted the motion for voluntary dismissal, but retained jurisdiction in the order of dismissal in which it included a provision stating that "nothing herein shall limit [Healthcare's] right to seek damages, including without limitation, fees and costs, pursuant to 11 U.S.C. § 303(i) or otherwise." HREP at *2. The court, however, did not explain what it meant by "or otherwise." The parties treat the meaning of this term as the major issue on this appeal though, as will be seen, we take a different approach.

Thereafter, Healthcare filed a motion in the bankruptcy court seeking § 303(i) damages. It also instituted an adversary proceeding against appellees asserting § 362(k) claims for

---

[2] Healthcare contends that it informed the bankruptcy court of its intention to assert claims under 11 U.S.C. § 362(k) for violation of the automatic stay provision of the bankruptcy code. After the investors removed Healthcare as the fund manager and installed Summit as the new fund manager, the fund was dissolved without the bankruptcy court's knowledge. On the appeal, the District Court rejected Healthcare's assertion that it had made its intentions regarding § 362(k) known to the bankruptcy court. HREP, 2018 WL 4500880, at *1 ("[Healthcare] did not state in its objection that it would also seek damages under § 362(k)."). Because we need not resolve this factual dispute, we will assume, as the District Court found, that Healthcare did not reveal its intentions about § 362(k) claims during its opposition to the voluntary dismissal of the petition.

violation of the automatic stay that arose in the bankruptcy proceedings when the petition was filed because of the removal of Healthcare as the fund manager and the installation of Summit in that role without an order of the court. The appellees moved to dismiss the § 362(k) action, arguing that it was outside of the scope of the bankruptcy court's order dismissing the petition which they asserted allowed Healthcare to seek only § 303(i) damages. The bankruptcy court agreed, stating that "the Court [has] authority to limit you for what you can bring after dismissal of the case, and that's what I intended to do." HREP, 2018 WL 4500880, at *5. That court made clear that when it dismissed the petition its intent was to allow Healthcare to bring a claim for damages only under § 303(i). Therefore, the court dismissed the § 362(k) action on October 19, 2017, and, on Healthcare's appeal, the District Court affirmed on September 19, 2018, largely by adopting the bankruptcy court's reasoning. This appeal followed.

III.    DISCUSSION

In dismissing Healthcare's § 362(k) action, the bankruptcy court, and thus the District Court in reliance on the bankruptcy court's reasoning held that (1) the bankruptcy court lacked jurisdiction over the § 362(k) claims because when it dismissed the petition, it retained jurisdiction only over the § 303(i) claims, and (2) even if it could have retained jurisdiction over the § 362(k) claims, it had discretion to limit the claims Healthcare could assert before it following the dismissal of the

6

petition. We disagree in both respects.[3]

We start our discussion by addressing an argument that appellees advance that we lack jurisdiction over this appeal. Under their argument because the bankruptcy case will be ongoing until the § 303(i) claims are resolved, which so far as we are aware has not happened, the order dismissing the § 362(k) claims was not a final appealable order, as not all claims asserted in the bankruptcy court have been resolved. See H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406, 411 (3d Cir. 2017). However, that argument presumes that the § 362(k) claims must be part of the bankruptcy case. But because, as we explain below, § 362(k) actions are separate and apart from the related bankruptcy cases in which they arise and thus stand on their own, we reject that argument. After all, if Healthcare's § 362(k) action is independent of the overall bankruptcy proceedings, the dismissal of the § 362(k) action would constitute a final order in both the bankruptcy court and the District Court and thus would be appealable to us, even if the underlying bankruptcy proceedings are still pending in either of those courts. See 28 U.S.C. §§

---

[3] In the motion to dismiss filed with the bankruptcy court, appellees did not specify what federal rule they were moving under, nor did the bankruptcy court articulate which rule formed the basis of its dismissal order. The District Court, on appeal, categorized the motion as a Rule 12(b) motion, without explicitly stating which subsection of Rule 12(b) applied. While we believe the motion could have been filed under Rule 12(b)(1) or 12(b)(6), ultimately the distinction is not significant here, as we would exercise plenary review in either case. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

1291 & 158(d)(1).

Section 362(k) states, in relevant part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). That statute, at least not in terms, does not require an action brought pursuant to it to be filed in an existing bankruptcy proceeding. Though we have not clearly addressed the question of whether § 362(k) actions must be filed in an existing bankruptcy proceeding, other courts of appeals have held that § 362(k) actions are separate and apart from any related bankruptcy cases, and thus stand on their own. In re Johnson, 575 F.3d 1079, 1083-84 (10th Cir. 2009); see Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 481 (4th Cir. 2015); Price v. Rochford, 947 F.2d 829, 830-31 (7th Cir. 1991); Pettitt v. Baker, 876 F.2d 456, 457-58 (5th Cir. 1989).

In reaching its conclusion that recognized the separate status of § 362(k) actions, the Court of Appeals for the Tenth Circuit in Johnson reasoned that:

It is particularly appropriate for bankruptcy courts to maintain jurisdiction over § 362(k)(1) proceedings because their purpose is not negated by dismissal of the underlying bankruptcy case. They still serve (a) to compensate for losses that are not extinguished by the termination of the bankruptcy case and (b) to vindicate the authority of the statutory stay . . . . Requiring the dismissal of a § 362(k)(1) proceeding simply because the underlying bankruptcy case has been dismissed would not make sense. A court must have the

8

power to compensate victims of violations of the automatic stay and punish the violators, even after the conclusion of the underlying bankruptcy case.

Johnson, 575 F.3d at 1083 (citations omitted).  The court went on to explain that:

Nothing in the Bankruptcy Code mandates dismissal of the § 362(k)(1) proceeding when the bankruptcy case is closed . . . .  No part of § 362(k)(1) suggests that a claim exists only while the bankruptcy case remains pending.  And when Congress listed the effects of dismissing a bankruptcy case, it included nothing about automatically terminating the court's jurisdiction over all adversary proceedings or mooting questions regarding § 362(k)(1) sanctions . . . . [C]ontrary to [the creditor's] assertions, we see no basis for requiring a bankruptcy court to state explicitly that it is retaining jurisdiction over a § 362(k)(1) adversary proceeding when it dismisses an underlying [bankruptcy] case, or for requiring [the debtor] to move to reopen the [bankruptcy] case to pursue the § 362(k)(1) adversary proceeding.

Id. at 1084 (internal quotations and citations omitted). We agree with the Johnson court's reasoning, and except in one respect that we set forth below adopt it here.  We do not discern any

9

reason why a determination of whether an automatic stay had been violated must be litigated as part of the bankruptcy proceedings.

We, however, question Johnson to the extent it can be construed as stating that § 362(k) actions only can be "core proceedings" under the bankruptcy code. Id. at 1083. The jurisdictional statute for bankruptcy courts states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). The statute clearly differentiates between "cases" under title 11 and "core proceedings" under title 11. This distinction is unsurprising, as bankruptcy cases are unique in the federal system. Courts in bankruptcy cases routinely adjudicate contract, probate, property, and other state-law claims without regard for the diversity of the parties' citizenship if the resolution of matters in dispute is appropriate in the disposition of a bankruptcy case. Thus, the "core proceeding" clause of § 157(b)(1) vests jurisdiction in a bankruptcy court to adjudicate claims over which it otherwise would not have jurisdiction. See § 157(b)(2) (listing examples of core proceedings); Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). Indeed, appellees rely on this point to argue that the bankruptcy court could not have jurisdiction over the § 362(k) action because its jurisdiction over any claim necessarily derives from the existence of a bankruptcy case and the bankruptcy court dismissed the bankruptcy case prior to the institution of the § 362(k) proceeding.

While the statutes certainly allow a bankruptcy court to adjudicate § 362(k) claims as "core proceedings," they do not

10

require plaintiffs to bring such claims in that fashion. As we stated above, nothing in § 362(k) requires that an action filed under that provision be part of an existing bankruptcy proceeding. Instead, a § 362(k) action is an independent private cause of action, meant to vindicate the right of a debtor to an automatic stay during a bankruptcy proceeding. Therefore, even if a bankruptcy court's jurisdiction over a § 362(k) action is not predicated on the "core proceeding" clause of § 157(b)(1), its jurisdiction can be based on the express grant of jurisdiction to the bankruptcy courts in § 157(b)(1) that they "may hear and determine all cases under title 11[.]" As the Court of Appeals for the Fifth Circuit explained,

> We are cognizant that there are scant primary or secondary authorities applying or discussing [§ 362(k)]. Nor is there a plethora of enlightening references in the relevant legislative history. We do not consider such essential, however, to today's task. To hold that [§ 362(k)] does not create a private right of action would require us to ignore its plain and express language. As we read that language, we cannot but conclude that Congress established a remedy for an individual injured by a willful violation of a section 362(a) stay.

Pettitt, 876 F.2d at 457-58. See Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005) (finding that district courts have original jurisdiction over § 362(k) actions because they are "cases" under title 11, which then could be referred to the bankruptcy court under § 157(a)).

11

Our result should not surprise anyone. After all, other courts of appeals have held that § 362(k) creates independent private causes of action. See, e.g., Houck, 791 F.3d at 481 ("Congress created a private cause of action for the willful violation of a stay, authorizing an individual injured by any such violation to recover damages."); Price, 947 F.2d at 830-31 ("We hold that 11 U.S.C. § 362([k) creates a cause of action that can be enforced after bankruptcy proceedings have terminated."); see also Garfield v. Cowen Loan Servicing, LLC, 811 F.3d 86, 91-92 (2d Cir. 2016) (indicating that § 362(k) creates a cause of action for violations of the automatic stay provision). Put another way, while the institution of a bankruptcy proceeding at some point is necessary for the institution of a § 362(k) action, the institution of a new or the continuation of an existing § 362(k) action does not depend on the continued existence of that proceeding.

It is also notable that even though the court indicated in Johnson that § 362(k) actions are core proceedings, in a subsequent opinion the same court made clear that a § 362(k) action brought while a bankruptcy proceeding was pending may be continued after the dismissal of the related bankruptcy case. In re Cowen, 849 F.3d 943, 947-48 (10th Cir. 2017). Curiously, the Johnson court also stated that "[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." 575 F.3d at 1082. Therefore, while it is unclear how the Court of Appeals for the Tenth Circuit would treat a § 362(k) action brought after the dismissal of the underlying bankruptcy proceeding, it in no way held that a bankruptcy court would not have jurisdiction in that scenario. In any event, as we

have indicated the bankruptcy court had jurisdiction over Healthcare's § 362(k) adversary action even if a § 362(k) proceeding is not a core proceeding because a § 362(k) action no matter when instituted is a case under title 11. As such, the District Court erred in finding that the bankruptcy court did not have jurisdiction over Healthcare's § 362(k) action.

Of course, our conclusion that § 362(k) creates a private cause of action leads us to conclude that the bankruptcy court and the District Court erred in holding the bankruptcy court had the authority to limit what claims Healthcare could bring in the bankruptcy court after the dismissal of the bankruptcy petition. As a rule, federal courts must hear matters within their jurisdiction. Sprint Commc'ns v. Jacobs, 571 U.S. 69, 77, 134 S.Ct. 584, 590-91 (2013). That rule applies to bankruptcy courts. Congress authorized bankruptcy courts to exercise jurisdiction based on referral from the district court. See 28 U.S.C. § 157(a). "When a case is referred under § 157(a), Congress surely intends that all jurisdiction otherwise vested in the district courts be exercised by the bankruptcy judges," unless § 157 expressly provides otherwise. William L. Norton III, 1 Norton Bankr. L. & Prac. § 4:36 (3d ed. 2019); cf. Stern v. Marshall, 564 U.S. 462, 480, 131 S.Ct. 2594, 2607 (2011) ("Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction." (citation omitted)). Hence, "[w]here a bankruptcy court has jurisdiction but is not in a position to avail itself of statutory or nonstatutory abstention, it must exercise its jurisdiction," In re Johnson, 346 B.R. 190, 194 (B.A.P. 9th Cir. 2006), assuming, of course, that the bankruptcy's authority to adjudicate the matter is constitutional under Stern.

Even if we view the bankruptcy court's reasoning as essentially being based on claim preclusion, on the theory that because Healthcare did not assert its § 362(k) claims in the bankruptcy case while those proceedings were pending it cannot raise the claims in a later case, that observation would not lead us to uphold the dismissal of the § 362(k) action. After all, federal claim preclusion requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citation omitted). Here, the substantive issue to be decided in the § 362(k) action was not litigated in the bankruptcy case. Thus, even if we found that the § 303(i) claims are based on the same cause of action as the § 362(k) action, which we certainly do not,[4] those claims are still pending and no final judgment on their merits has issued. Accordingly, we cannot affirm the District Court's order finding that the bankruptcy court had authority to bar Healthcare from filing its § 362(k) action on claim preclusion grounds.

We have not ignored the fact that as we noted above, the order dismissing the petition provided that "nothing herein shall limit [Healthcare's] right to seek damages, including without

[4] Beyond the obvious fact that the § 303(i) and § 362(k) claims arose from separate statutes, a determination of whether the bankruptcy petition was initiated in bad faith, the issue on the § 303(i) motion, is completely different than a determination of whether there was a violation of the automatic stay provision by reason of Healthcare's removal. While some of the same underlying facts may be significant in both determinations, proof of one does not necessarily constitute proof in the other.

limitation, fees and costs, pursuant to 11 U.S.C. § 303(i) or otherwise." The bankruptcy court interpreted the order to preserve Healthcare's right to bring a motion for damages under § 303(i) but not its right to bring an action under § 362(k) for violation of the automatic stay. On appeal the District Court held that the bankruptcy court did not abuse its discretion in coming to this conclusion. Consequently, that Court held that the bankruptcy court did not err when it dismissed the § 362(k) action. But we are not going to decipher the meaning of "otherwise", as it is immaterial.

In their brief, appellees recite that "[t]he sole issue on this Appeal is whether the bankruptcy court has the power to interpret its own orders." Appellee's br. at 8. This statement of the issue is incorrect because we do not have to consider what the bankruptcy court meant when it preserved Healthcare's right to seek damages "pursuant to § 303(i) or otherwise" inasmuch as the dismissal of the bankruptcy proceedings in the bankruptcy court did not foreclose a subsequent § 362(k) action by Healthcare no matter what the bankruptcy court intended when it dismissed the bankruptcy petition.

Our final observation is that the District Court in reaching its result may have been relying in part on its view that the § 362(k) action and the § 303(i) claims seek recovery for the same injury. But that possibility does not affect our result for the Court on the remand that we are ordering will be able to bar a double recovery for the same injury even if Healthcare is able to establish appellees' liability on both bases. Furthermore, the Court has the discretion to consolidate the two proceedings under appropriate circumstances which seem to be present here. An additional point is that even if a plaintiff can establish that a defendant is liable for a single injury on two different bases that

15

does not mean that it can recover on both bases. After all, it is axiomatic that a plaintiff may assert multiple claims for the same injury; indeed, Healthcare may be able to establish liability on one theory, but not the other. See Int'l Refugee Assistance Project v. Trump, 883 F.3d 233, 258 (4th Cir. 2018) ("[T]he same injury can provide Plaintiffs with standing for multiple claims."), rev'd on other grounds, 138 S.Ct. 2710 (2018).

## IV.    CONCLUSION

In summary, we conclude that the District Court erred in affirming the bankruptcy court's dismissal of Healthcare's § 362(k) action. Accordingly, we will reverse the District Court's September 19, 2018 order, and will remand the matter to that Court to reinstate the § 362(k) action. We do not preclude the District Court from further remanding the case to the bankruptcy court.