**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1728
_____

KEVIN POTTER;
MARGUERITE POTTER, Delmarva Enterprise,

Appellants

v.

DAVID NEWKIRK; ROBERT ROBBINS; JOSE RODRIGUEZ;
DARRELL MEYERS; ROBERT A. AUSTINO; NORMAN FRANKEL, JR.;
DENNIS D'AUGOSTINE; ARNALDO ESCOBAR; SHARRON BURNETT;
THOMAS PERROTTI; PATRICIA SCHIERI; EVELYN NAVARRO;
TRACY MARGUGLIO; JOHN BRUNO; REX MOORE;
SIZEMORE MORRISSEY; CURTIS SHAFFER; JEFFREY MAYHEW;
PAULA STEWART; CARL TOZER; ADAM MILLER; WESTON WILLS;
MICHAEL MERCOGLIANA; JAMES SABELLA; JAMES MARTINE;
JOHN SCHWEIBINZ; CURTIS SHAFFER, II; MICHAEL GRECO;
DARRYL ELDRIDGE; CHRISTOPHER CARELLA; NICHOLAS MOORE;
ELIZABETH HOFFMAN; JOSEPH DRAGOTTA; MATTHEW JONES;
MILTON PERKINS; SCOTT UHLAND; KEITH COMER; TIMOTHY WOODS;
ERIK KELLY; MARK DILLON; MARIA MENDOZA-PERKINS;
BEVERLY DRAGOTTA; CRAIG JOHNSON; MICHAEL PANZINO;
RONALD CUSANO; BROCK HOWGATE; VINCENT SOLAZZO;
LAUREN TESORONI; HEATHER BOEHM; JACKIE READ;
KAREN CIFALOGLIO; BEVERLY ZOTTER; CHERI MANNO;
CHIARA CLEMENTE; SUZANNE TOBOLSKI; WILLIAM NARVAEZ;
CUMBERLAND SHERIFF'S DEPARTMENT;
CUMBERLAND COUNTY PROSECUTOR'S OFFICE;
JON REILLY; BRUCE J. DUKE; BRUCE J. DUKE LLC,
also known as THE DUKE LEGAL GROUP;
VITALITY GROUP, LLC; GEORGE R. LOOSE; DONNA L. LOOSE;
DOUGLAS J. GRANT; LANDIS TITLE CORPORATION
JANE DOES 1-10; JOHN DOES 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-08478)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 27, 2020

Before:  SHWARTZ, RESTREPO and RENDELL, <u>Circuit Judges</u>

(Opinion filed: February 4, 2020)

_____

O P I N I O N[*]
_____

**PER CURIAM**

Pro se appellants Kevin Potter and his mother, Marguerite Potter (the Potters),[1]

appeal from the District Court's order dismissing their complaint for lack of subject

matter jurisdiction and from an order denying their motion for reconsideration.  For the

following reasons, we will vacate the District Court's judgment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Although Marguerite Potter purports to proceed in this appeal on behalf of plaintiff Delmarva Enterprises, a "designated and recorded sole proprietorship" she claims to own, she may not do so because she is a pro se litigant, not an attorney.  <u>See</u> <u>Simbraw v. United States</u>, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam).  We dismiss Delmarva Enterprises' appeal for failure to prosecute.

In 2007, Kevin Potter filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Middle District of Florida in which he claimed that he had no assets and that "his former residence," real property located at 13104 West Buckshutem Road, Millville, New Jersey ("the New Jersey property"), had been "deed[ed] to" Delmarva Enterprises. In March 2010, in a collateral adversarial proceeding, the Bankruptcy Court entered an order setting aside the transfer of the property as fraudulent; it found that the property was part of the bankruptcy estate and that Marguerite Potter and Delmarva Enterprises had no interest in, or lien claim on, the property. See Appellee Cumberland Cty. Prosecutor's Office and Jon M. Reilly's Suppl. App. (SA) Vol. I at 1-2. In an order entered July 11, 2011, the Bankruptcy Court granted the bankruptcy trustee's motion to compel Kevin Potter and his family to vacate the New Jersey property, directed "the Debtor, Mrs. Potter, and anyone claiming an interest by, through, or under them, to vacate the property within thirty days," and directed that the order "shall be enforced through the courts of the state of New Jersey." Id. at 11.

The Potters failed to vacate the property, and, in August 2011, the bankruptcy trustee filed an ejectment action in the Superior Court of New Jersey. On October 19, 2011, the day before the scheduled eviction, Marguerite Potter filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. The Potters were evicted from the property on October 20, 2011.

Six years later, the Potters brought this action in the District Court alleging that the New Jersey property was part of Marguerite Potter's Chapter 13 bankruptcy estate and that the defendants violated an automatic bankruptcy stay issued pursuant to 11 U.S.C.

3

§ 362(a)(1) and conspired to "conduct an armed home/business invasion and seizure of [their] entire estates." The complaint named over 60 defendants and also included state law claims for conversion, trespass, tortious interference with contractual relationships, unlawful interference with prospective economic advantage, malicious prosecution and breach of contract. As a basis for their action, the Potters asserted jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334, 1337, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The District Court, noting the Potters' long and vexatious litigation history,[2] entered a show cause order directing them to substantiate the legal and factual basis for their claims by presenting competent evidence that, inter alia, they owned the property at issue at all relevant times, and the alleged "raid" was not a proceeding taken pursuant to an order of a court of competent jurisdiction. After the Potters responded, the District Court sua sponte concluded that it lacked subject matter jurisdiction over their claim, brought pursuant to 11 U.S.C. § 362(k), for a willful violation of the automatic bankruptcy stay; such a claim, it determined, was in the exclusive jurisdiction of the bankruptcy court. The District Court, declining to exercise supplemental jurisdiction

---

[2] The District Court noted that the Potters were subject to pre-filing injunctions in three different states, and that Kevin Potter had recently "frivolous[ly]'" sued 144 defendants in New Jersey," that he was "judgment proof" because of a bankruptcy, and, therefore, not deterred by sanctions, and that he had spent 30 days in jail for harassing, among others, defendant Jon Reilly. S.A. Vol. I at 20-21.

over the remaining state law claims, dismissed the complaint for lack jurisdiction. The District Court also denied the Potters' motion to amend the complaint, and, in ruling on a motion for a preliminary injunction, cited their abusive litigation history and directed the Potters to show cause why they should not be enjoined from filing any further lawsuits relating to the New Jersey property without prior approval from the Court. The Potters filed a timely post-judgment motion for relief and a motion to compel the District Court to transfer the matter to the Bankruptcy Court. In the same order, the District Court denied the post-judgment motion, which it construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), and the motion to compel. This timely appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's dismissal of the complaint for lack of subject matter jurisdiction. See U.S. S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 186 & n.6 (3d Cir. 2000). We generally review the denial of a motion for reconsideration for abuse of discretion, but, to the extent that the denial is predicated on an issue of law, we review de novo. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The filing of a bankruptcy petition triggers the automatic stay – a hallmark of bankruptcy protection – which operates to prevent creditors from taking any collection actions for pre-petition debts against the debtor or property of the debtor's estate. See 11 U.S.C. § 362(a). When an individual is injured by a willful violation of an automatic stay, 11 U.S.C. § 362(k) provides a cause of action for damages. As the parties note on appeal, federal courts disagree as to whether district courts have subject matter

5

jurisdiction over § 362(k) proceedings.  Compare Houck v. Substitute Trustee Servs., Inc., 791 F.3d 473, 481-82 (4th Cir. 2015) ("A claim under § 362(k) for violation of the automatic stay is a cause of action arising under Title 11, and as such, a district court has jurisdiction over it."), Justice Cometh Ltd. v. Lambert, 426 F.3d 1342, 1343 & n. 2 (11th Cir. 2005) (per curiam) (same), and Price v. Rochford, 947 F.2d 829, 832 n.1 (7th Cir. 1991) (same), with Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d Cir. 2001) (per curiam) (holding that § 362(k) claim "must be brought in the bankruptcy court" because the district court "only has appellate jurisdiction over bankruptcy cases") and In re Aleckna, 543 B.R. 717, 719-20 (Bankr. M.D. Pa. 2016). The District Court relied on Aleckna in concluding that a § 362(k) action is within the exclusive province of a bankruptcy court, and that it only has appellate jurisdiction over such a claim.

Congress has provided district courts with "original and exclusive jurisdiction of all cases under Title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).  While a district court is authorized to refer matters to a bankruptcy court, see 28 U.S.C. § 157(a), that provision is not jurisdictional.  See Stern v. Marshall, 564 U.S. 462, 480 (2011) (noting that § 157 "allocates the authority to enter final judgment between the bankruptcy court and the district court" but that it "does not implicate questions of subject matter jurisdiction").[3]  We have recently held that an action

_____

[3] For this reason, a standing referral order entered pursuant to § 157(a) automatically referring bankruptcy matters to the bankruptcy court (such as the one issued by the

6

under § 362(k) for violation of an automatic stay is an independent private cause of action which need not be litigated as part of the bankruptcy proceeding.  See In re Healthcare Real Estate Partners, LLC, 941 F.3d 64, 70-71 (3d Cir. 2019).  In so holding, we cited with approval the Eleventh Circuit's opinion in Justice Cometh Ltd., for the proposition that "district courts have original jurisdiction over § 362(k) actions because they are 'cases' under title 11, which then could be referred to the bankruptcy court under § 157(a)."  Id. at 70.  As we concluded, "a § 362(k) action no matter when instituted is a case under title 11."  Id.  As such, a district court has jurisdiction to entertain it.  The District Court lacked the benefit of In re Healthcare when it determined that it lacked subject matter jurisdiction to consider the Potters' § 362(k) claim.

We have considered whether the § 362 claim is too insubstantial to invoke federal jurisdiction, as Appellees Landis Title, Inc., and Douglas J. Grant argue.  See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).  While the issue is close,[4] we cannot say that the

_____

District Court) does not affect the District Court's subject matter jurisdiction over cases or proceedings arising under Title 11.  See Houck, 791 F.3d at 482-83 (noting that the Supreme Court has observed that "§ 157 is little more than a traffic regulator, directing where adjudication of bankruptcy matters can take place" and that any breach of § 157 would 'not implicate questions of subject matter jurisdiction.'") (quoting Stern, 564 U.S. at 480); see also United States District Court for the District of New Jersey, Standing Order of Reference, dated July 23, 1984, amended September 18, 2012.

[4] The mainstay of the Potters' claim – that the defendants violated the automatic stay by seizing the New Jersey property – is foreclosed by the orders of the Florida Bankruptcy Court discussed supra.  See Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 (1910) (noting that a claim is insubstantial if previous decisions "foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy").  As the District Court noted, the Potters "grossly mischaracterize[d]" those orders which make clear that the New Jersey property was part of Kevin Potter's bankruptcy estate, not Marguerite's.

7

District Court lacked subject-matter jurisdiction on this basis. See Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987) (recognizing that "[d]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false") (citation omitted). In particular, assuming it was timely filed, the complaint can be read to allege that defendants violated the automatic stay with respect to personal property belonging only to Marguerite Potter,[5] a claim which is not insubstantial on its face. See generally Houck, 791 F.3d at 484.

The existence of subject matter jurisdiction, however, does not mean that the Potters are entitled to relief. For example, if Marguerite Potter's bankruptcy petition was filed in bad faith in an effort to thwart both the Florida Bankruptcy Court's orders and foreclosure of the New Jersey property, any actions taken in violation of the automatic stay would be void. See In re Myers, 491 F.3d 120, 128 (3d Cir. 2014). Under those circumstances, a court could "retroactively ratify violations of the automatic stay by annulling the stay." Id. However, that possible eventuality does not mean the complaint was subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).

Finally, the District Court, accurately noting that the Potters had engaged in abusive, groundless, and vexatious litigation "up and down the Eastern seaboard," contemplated using its equitable powers to enjoin them from filing any future litigation with respect to the New Jersey property without prior authorization. See District Court's July 3, 2018 Op. at 7; see In re: Oliver, 682 F.2d 443, 445 (3d Cir. 1982). But, despite

---

[5] See, e.g., Amended Complaint at ¶¶ 61, 66(d), (e).

the show cause order, no anti-filing injunction was entered, and Appellants have waived any argument regarding the propriety of the show cause order by failing to raise it in their brief. See Kost v. Kozakiewicz, 1 F.3d 176, 182-83 & n.3 (3d Cir. 1993); Simmons v. City of Philadelphia, 947 F.2d 1042, 1065-66 (3d Cir. 1991).

Based on the foregoing, we conclude that the District Court erred in sua sponte dismissing the complaint and denying the motion for reconsideration. We will vacate the District Court's judgment[6] and remand the matter for proceedings consistent with this opinion.[7]

---

[6] We also vacate the District Court's decision to deny the Potters' motion to compel transfer of the matter to the Bankruptcy Court, which was based on its erroneous conclusion that it lacked subject matter jurisdiction.

[7] The motions filed by Appellees' Cumberland County Prosecutor's Office and Jon M. Reilly, and Appellees' Landis Title, Inc., and Douglas J. Grant for leave to file a supplemental appendix are granted and, to the extent that the motions sought to expand the record on appeal pursuant to Fed. R. App. P. 10(e), they are denied as unnecessary.