NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3096
_____

In re:  NEWSTARCOM HOLDINGS INC., et al.,
Debtors

GEORGE L. MILLER, as Chapter 7 Trustee of the Estate of NewStarcom
Holdings, Inc.,
Appellant

v.

MATCO ELECTRIC CORP, f/k/a Matco Associates, Inc.;
AMERICAN CAPITAL, LTD;
STEVEN PRICE; GORDON O'BRIEN;
MARK FIKSE; CRAIG MOORE;
MARK FREIJE; KENNETH ELLIOTT;
ANN M. BARBER

On Appeal from the United States District Court
for the District of Delaware
District Court No. 1-17-cv-00309
District Judge: The Honorable Maryellen Noreika

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 18, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and PORTER, *Circuit Judges*

(Filed: July 16, 2020)

_____

OPINION[*]
_____

SMITH, *Chief Judge.*

Bankruptcy trustee George L. Miller challenges the dismissal of his fraudulent transfer claims and the denial of reconsideration. Seeing no error, we will affirm.

I[1]

Shortly after a complex transaction, NSC Holdings, Inc. ("NSC") and three associated entities filed for bankruptcy under Chapter 7.[2] Their Trustee brought this adversary proceeding against another entity implicated in the transaction, Matco Electric Corp. ("New Matco"), and its owners (collectively, "New Matco Defendants"),[3] among others.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write solely for the parties, we summarize only the facts and proceedings necessary to this disposition.

[2] The other three entities were NSC's sole shareholder, NewStarcom Holdings, Inc., and NSC's two defunct subsidiaries, Constar International, Inc. and Port City Electric, Inc. Collectively, these four entities are referred to as the "Debtors" or "NewStarcom."

[3] New Matco's owners were Ronald Barber, Mark Freije, and Kenneth Elliott. During these proceedings, Ronald Barber died and Ann M. Barber was substituted.

2

The Amended Complaint challenged "the prepetition transfer of NewStarcom's operating subsidiary Matco Electric Corporation ["Old Matco"] to insiders for substantially less than its fair market value." J.A. 159. The Trustee labeled the transaction a fraudulent transfer voidable under federal bankruptcy law and Delaware state law. *See* 11 U.S.C. §§ 544, 548; Del. Code Ann. tit. 6, §§ 1304, 1305. He sought recovery of the transfer. *See* 11 U.S.C. § 550.

The Bankruptcy Court dismissed the four fraudulent transfer–related counts for failure to state a claim. *See* Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6). Years later, the Trustee sought reconsideration, but the Bankruptcy Court denied his motion. *In re NewStarcom Holdings, Inc.*, 547 B.R. 106, 132–35 (Bankr. D. Del. 2016). On appeal, the District Court affirmed both orders.[4] 608 B.R. 614 (D. Del. 2019).

---

[4] "Congress authorized bankruptcy courts to exercise jurisdiction based on referral from the district court." *In re Healthcare Real Estate Partners, LLC*, 941 F.3d 64, 71 (3d Cir. 2019) (citing 28 U.S.C. § 157(a)); *see also* § 1334(b) (district court jurisdiction not exclusive). Due to the District Court's standing referral in bankruptcy matters, the Bankruptcy Court had jurisdiction in this case over "core proceedings," including the Trustee's "proceedings to determine, avoid, or recover fraudulent conveyances." § 157(b)(1), (b)(2)(H); *see also In re Healthcare Real Estate Partners, LLC*, 941 F.3d at 70; U.S. Dist. Ct. for Dist. of Delaware, Am. Standing Order of Reference (Feb. 29, 2012). The District Court had appellate jurisdiction pursuant to § 158(a)(1).

## II[5]

"The purpose of fraudulent conveyance law is to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away." *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000).

We consider whether the Trustee pled "enough facts" to make his fraudulent transfer claims "plausible on [their] face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Our traditional three steps entail (1) "not[ing] the elements of a claim," (2) "identify[ing] allegations that are conclusory and therefore not assumed to be true," and (3) "accepting the factual allegations as true, we will view them and reasonable inferences drawn from them in the light most favorable to [the Trustee] to decide whether 'they plausibly give rise to an entitlement to relief.'" *Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016)), *cert. denied*, No. 19-784 (Mar. 30, 2020).

We home in on one element underpinning all of the Trustee's fraudulent

---

[5] We exercise jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. Our review of the District Court's appellate ruling is de novo. *In re Mintze*, 434 F.3d 222, 227 (3d Cir. 2006). We take the same approach to the Bankruptcy Court's dismissal of claims. *See In re Majestic Star Casino, LLC*, 716 F.3d 736, 747 (3d Cir. 2013).

transfer claims: the role of a debtor. Under federal bankruptcy law, a trustee "may avoid any transfer of property of the debtor" or "an interest of the debtor in property" in certain circumstances.[6] 11 U.S.C. §§ 544(a), 548(a)(1). The analogous provisions of the Delaware Uniform Fraudulent Transfer Act ("DUFTA") are similarly confined to "[a] transfer made . . . by a debtor." Del. Code Ann. tit. 6, §§ 1304(a), 1305(a); *see also* § 1305(b).

Fraudulent transfer liability under DUFTA does not attach to a transfer by a *non-debtor*. *Crystallex Int'l Corp. v. Petróleos de Venez., S.A.*, 879 F.3d 79, 81, 84–86 (3d Cir. 2018) (predicting Delaware Supreme Court's view in diversity case). By extension, federal bankruptcy law does not impose liability for transfers of *non-debtor* property. *See id.* at 86 (deeming federal § 548 to be "nearly identical" with Delaware provisions including §§ 1304–05, and indicating "Delaware courts have interpreted and applied them uniformly").

The Trustee ostensibly alleged a transfer of property of debtors, by debtors. For example, the Amended Complaint states that "[t]he Transfer was a transfer of property, or of an interest in property, of the Debtors," and that "[t]he Debtors made the Transfer to and/or for the benefit of the New Matco Defendants." J.A.

---

[6] Only if a trustee avoids a fraudulent transfer under federal bankruptcy provisions such as §§ 544 and 548 may he pursue recovery under § 550. Accordingly, the plausibility of the Trustee's § 550 claim depends on the "debtor" element of his §§ 544 and 548 claims.

181. These allegations virtually parrot the debtor element of federal bankruptcy and DUFTA provisions. "[M]ere conclusory statements" like these are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Peeling away the conclusions, we look for well-pleaded factual allegations. The Amended Complaint defines the "Transfer" at issue as the "transfer of Old Matco to the New Matco Defendants." J.A. 180. The Trustee asserted that "New Matco, owned by Defendants Barber, Elliott, and Freije, purchased Old Matco" through an Asset Purchase Agreement and Membership Interest Purchase Agreement. J.A. 172. These agreements are both attached to the Amended Complaint. They show that Old Matco was the transferor in those portions of the transaction.[7] And Old Matco is a non-debtor.

Evidently another part of the transaction involved a transfer of the property of a debtor, by a debtor. The record shows that debtor NSC owned 100% of the shares of Old Matco and conveyed them to a third party using a Stock Purchase Agreement. But the Trustee failed to plead that part of the transaction.

The Trustee's non-conclusory allegations fail to plausibly establish his

---

[7] *See generally* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control.").

entitlement to relief under the fraudulent transfer provisions of federal bankruptcy law or DUFTA. So the Bankruptcy Court rightly dismissed the fraudulent transfer claims.[8]

III

The District Court correctly affirmed the Bankruptcy Court's dismissal of the fraudulent transfer claims. Accordingly, we also will affirm.

---

[8] Although we need not reach the motion for reconsideration, we are unpersuaded that the Bankruptcy Court abused its discretion by denying that motion. *See In re Energy Future Holdings Corp.*, 904 F.3d 298, 310–12 (3d Cir. 2018), *cert. denied sub nom.*, *NextEra Energy, Inc. v. Elliott Assocs., L.P.*, 139 S. Ct. 1620 (2019) (Mem.).