NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2480
_____

In re:  MARGUERITE POTTER


MARGUERITE POTTER and KEVIN POTTER,
                                                            Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-21-cv-18464)
District Judge:  Honorable Christine P. O'Hearn


_____

No. 23-2625
_____

KEVIN POTTER, MARGUERITE POTTER, Delmarva Enterprise,
                                                            Appellants

v.

DAVID NEWKIRK; ROBERT ROBBINS; JOSE RODRIGUEZ;
DARRELL MEYERS; ROBERT A. AUSTINO; NORMAN FRANKEL, JR.;
DENNIS D'AUGOSTINE; ARNALDO ESCOBAR; SHARRON BURNETT;
THOMAS PERROTTI; PATRICIA SCHIERI; EVELYN NAVARRO;
TRACY MARGUGLIO; JOHN BRUNO; REX MOORE;
SIZEMORE MORRISSEY; CURTIS SHAFFER; JEFFREY MAYHEW;
PAULA STEWART; CARL TOZER; ADAM MILLER; WESTON WILLS;
MICHAEL MERCOGLIANA; JAMES SABELLA; JAMES MARTINE;
JOHN SCHWEIBINZ; CURTIS SHAFFER, II; MICHAEL GRECO;
DARRYL ELDRIDGE; CHRISTOPHER CARELLA; NICHOLAS MOORE;
ELIZABETH HOFFMAN; JOSEPH DRAGOTTA; MATTHEW JONES;

MILTON PERKINS; SCOTT UHLAND; KEITH COMER; TIMOTHY WOODS; ERIK KELLY; MARK DILLON; MARIA MENDOZA-PERKINS; BEVERLY DRAGOTTA; CRAIG JOHNSON; MICHAEL PANZINO; RONALD CUSANO; BROCK HOWGATE; VINCENT SOLAZZO; LAUREN TESORONI; HEATHER BOEHM; JACKIE READ; KAREN CIFALOGLIO; BEVERLY ZOTTER; CHERI MANNO; CHIARA CLEMENTE; SUZANNE TOBOLSKI; WILLIAM NARVAEZ; CUMBERLAND SHERIFF'S DEPARTMENT; CUMBERLAND COUNTY PROSECUTOR'S OFFICE; JON REILLY; BRUCE J. DUKE; BRUCE J. DUKE LLC, also known as THE DUKE LEGAL GROUP; VITALITY GROUP, LLC; GEORGE R. LOOSE; DONNA L. LOOSE; DOUGLAS J. GRANT; LANDIS TITLE CORPORATION JANE DOES 1-10; JOHN DOES 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-08478)
District Judge: Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2024
Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 26, 2024)
_____

OPINION*
_____

PER CURIAM

In these related appeals, pro se appellants Kevin Potter and his mother, Marguerite

Potter, appeal the District Court's order affirming an order of the Bankruptcy Court for

the District of New Jersey annulling an automatic stay, <u>see</u> D.N.J. Civ. No. 1:21-cv-

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

18464; ECF No. 36 ("Potter III"), and the District Court's orders dismissing their civil complaint, see D.N.J. Civ. No. 1-17-cv-08478, ECF Nos. 146 & 172 (Text Order) ("Potter I"). For the following reasons, we will affirm the District Court's judgments.

This is the second time the civil action (Potter I) has been before us. We previously summarized the pertinent factual and procedural history as follows:

> In 2007, Kevin Potter filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Middle District of Florida in which he claimed that he had no assets and that "his former residence," real property located at 13104 West Buckshutem Road, Millville, New Jersey ("the New Jersey property"), had been "deed[ed] to" Delmarva Enterprises. In March 2010, in a collateral adversarial proceeding, the Bankruptcy Court entered an order setting aside the transfer of the property as fraudulent; it found that the property was part of the bankruptcy estate and that Marguerite Potter and Delmarva Enterprises had no interest in, or lien claim on, the property. In an order entered July 11, 2011, the Bankruptcy Court granted the bankruptcy trustee's motion to compel Kevin Potter and his family to vacate the New Jersey property, directed "the Debtor, Mrs. Potter, and anyone claiming an interest by, through, or under them, to vacate the property within thirty days," and directed that the order "shall be enforced through the courts of the state of New Jersey." The Potters failed to vacate the property, and, in August 2011, the bankruptcy trustee filed an ejectment action in the Superior Court of New Jersey. On October 19, 2011, the day before the scheduled eviction, Marguerite Potter filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. The Potters were evicted from the property on October 20, 2011.
>
> Six years later, the Potters brought this action in the District Court alleging that the New Jersey property was part of Marguerite Potter's Chapter 13 bankruptcy estate and that the defendants violated an automatic bankruptcy stay issued pursuant to 11 U.S.C. § 362(a)(1) and conspired to "conduct an armed home/business invasion and seizure of [their] entire estates." The complaint named over 60 defendants and also included state law claims for conversion, trespass, tortious interference with contractual relationships, unlawful interference with prospective economic advantage,

3

> malicious prosecution and breach of contract. As a basis for their action, the Potters asserted jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334, 1337, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Potter v. Newkirk, 802 F. App'x 696, 698-99 (3d Cir. 2020).

The District Court dismissed the civil complaint after determining that it lacked subject matter jurisdiction over the Potters' claim, brought pursuant to 11 U.S.C. § 362(k), for a willful violation of the automatic bankruptcy stay, and declining to exercise supplemental jurisdiction over the remaining state law claims. We vacated that decision, noting that the District Court did not have the benefit of our then-recent decision holding that an action under § 362(k) is an independent private cause of action which need not be litigated as part of the bankruptcy proceeding. See id. at 700 (citing In re Healthcare Real Estate Partners, LLC, 941 F.3d 64, 70-71 (3d Cir. 2019)).

On remand, the District Court addressed the various defendants' motions to dismiss. Consistent with our discussion on appeal, the District Court determined that, to the extent that the Potters alleged that defendants violated the automatic stay by seizing the New Jersey property, their claim was foreclosed by the Florida Bankruptcy Court's orders, noted above. See Potter I; ECF No. 145 at 13 & n.4 (citing Potter, 802 F. App'x at 700 n.4). The District Court then proceeded to address the § 362(k) claim as it related to the seizure of Ms. Potter's personal property. First, with respect to the "private defendants" – Bruce J. Duke, George and Donna Loose, Douglas Grant, and Landis Title Corp., and Vitality Group, LLC – the District Court determined that the complaint failed to state a claim that was plausible on its face. See id. at 15-18. Second, the District

4

Court concluded that the complaint stated a claim for relief against the "state defendants" – the Cumberland County Prosecutor's Office and Cumberland County's Sheriff's Department – for a willful violation of the automatic stay. See id. at 20-22. The state defendants had filed a motion to annul the automatic stay, pursuant to 11 U.S.C. § 362(d). The District Court determined that it was appropriate to refer the motion to the Bankruptcy Court for the District of New Jersey. See id. at 22-23.

Finally, the District Court determined that the remaining tort claims were time-barred as to the state defendants, and failed to state a claim for relief against the private defendants. The District Court entered an order granting the private defendants' motions to dismiss. See Potter I, ECF No. 146. In that same order, the Court referred the § 362(d) motion to the New Jersey Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

The Bankruptcy Court sua sponte reopened Ms. Potter's bankruptcy proceedings, and, after a hearing on the § 362(d) motion, entered an order retroactively annulling the automatic stay. See D.N.J. Bankr. Ct. No. 11-40237-JNP ("Potter II"); ECF No. 38. The Potters appealed to the District Court, which affirmed the Bankruptcy Court's judgment. The District Court subsequently entered a text order dismissing the civil complaint. These appeals followed; they have been consolidated for disposition.[1]

### C.A. No. 23-2480 (Bankruptcy Appeal)

"On an appeal from a bankruptcy case, our review duplicates that of the district court and view[s] the bankruptcy court decision unfettered by the district court's

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.

5

determination." In re Orton, 687 F.3d 612, 614-15 (3d Cir. 2012) (internal quotation and citation omitted). Thus, we review the Bankruptcy Court's findings of fact for clear error and its legal conclusions de novo. Id. at 615. We review a Bankruptcy court's decision to retroactively annul the automatic stay for abuse of discretion. See In re Myers, 491 F.3d 120, 128 (3d Cir. 2007).

In this appeal, the Potters primarily challenge the District Court's authority to refer the § 362 motion to annul the automatic stay to the Bankruptcy Court, the Bankruptcy Court's authority to sua sponte reopen the bankruptcy case and retroactively annul the "final decree," and the state defendants' standing to pursue annulment of the automatic stay. We find no merit to their arguments.

Pursuant to 28 U.S.C. Section 157(a), district courts are authorized to "refer" to bankruptcy courts any proceedings "arising in," "arising under," or "related to" a case under the Bankruptcy Code ("Title 11"). Bankruptcy courts may "hear and determine" "all core proceedings" arising in or under title 11 and referred by a district court. See 28 U.S.C. § 157(b). A motion to annul the automatic stay is a "core proceeding" in bankruptcy. See 28 U.S.C. § 157(b)(2)(G); Ritzen Grp., Inc., 589 U.S. 35, 44 (2020). The District Court thus properly referred the motion to annul the Bankruptcy Court, which was authorized to adjudicate it. And, to the extent that the Bankruptcy Court acted sua sponte in reopening Ms. Potter's case to consider the § 362(d) motion, it had the authority to do so. See 11 U.S.C. § 350(b) (providing authority to reopen a closed bankruptcy case for "cause," among other bases); see also In re Seven Fields Dev. Corp.,

6

505 F.3d 237, 248 n.10 (3d Cir. 2007) (recognizing the bankruptcy court's discretion to sua sponte reopen a case).[2]

Neither the Bankruptcy Court nor the District Court grappled with the Potters' argument, which they press on appeal, that the state defendants lacked sufficient interest in the bankruptcy estate to pursue the § 362(d) motion. A bankruptcy court may provide relief from the automatic stay on motion of a "party in interest." 11 U.S.C. § 362(d). Section 1109(b) of the bankruptcy code, which governs the right to be heard in a bankruptcy proceeding, provides that a party in interest includes "the debtor, the trustee, a creditors' committee, an equity security holder's committee, a creditor, an equity security holder, [and] any indenture trustee." 11 U.S.C. § 109(b). But that list is not exhaustive, and we have interpreted it broadly to include "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." In re Global Indus. Techs., Inc., 645 F.3d 201, 210-11 (3d Cir. 2011) (quoting In re James Wilson Assocs., 965 F.2d 160, 169 (7th Cir. 1992), and adopting that test as a "helpful amplification" of the Court's definition of "'party in interest' as one who 'has a sufficient stake in the proceeding so as to require representation'"). Consistent with that standard, a "party in interest" for purposes of a § 362(d) proceeding includes any party who is subject to the automatic stay. See In re Fogarty, 39 F.4th 62, 79-80 (2d Cir. 2022); see also 3 Collier on

---

[2] Contrary to the Potters' contention, the Bankruptcy Court did not "overrule" any prior decisions in Ms. Potter's bankruptcy case. The automatic stay was triggered by the filing of the bankruptcy petition, see 11 U.S.C. § 362(a), and the case was reopened solely to determine the validity of the stay.

Bankruptcy ⁋ 362.07[2] (16th ed., rev. 2016) (indicating that "any party affected by the stay should be entitled to move for relief"). Here, as defendants in a pending § 362(k) action for violating the automatic stay, the state defendants had a sufficient stake in the determination of the § 362 motion to confer party-in-interest status. See Fogarty, 39 F.4th at 80 (concluding that "a direct adversary of the debtor in an action that was subject to the automatic stay" qualifies as a party in interest under § 362).

Finally, the Potters contend that the Bankruptcy Court erred in retroactively annulling a "twelve (12) year old 'Final Decree'" and their stay rights "without cause or justification." Appellants' Br. at 17-18. We disagree. We have repeatedly recognized that § 362(d) authorizes retroactive annulment of an automatic stay and ratification of acts taken in violation of the stay. See Myers, 491 F.3d at 127-28. In exercising that authority, a bankruptcy court considers numerous factors including (1) whether the creditor was aware of the bankruptcy filing or encouraged violation of the stay; (2) whether the debtor is guilty of inequitable unreasonable, or dishonest conduct; and (3) whether the creditor would suffer prejudice. See id. at 129. The Bankruptcy Court here recognized its wide latitude to balance the equities and grant relief from the automatic stay, and it did not abuse its discretion in doing so. See Potter II; ECF No. 37 at 13-16 (citing Myers, 491 F.3d at 128-29).[3] In particular, the record fully supports its finding

---

[3] The Potters argue generally that the District Court deprived them of "an opportunity to object and be heard." Appellants' Br. at 10-11. Not so. The District Court held a hearing on the § 362(d) motion at which both Potters were permitted to participate. See Potter II; ECF No. 37 at 6. It subsequently determined that Mr. Potter lacked standing as a party in interest to participate in the proceedings, a finding which is not challenged on appeal here. The Bankruptcy Court also considered Ms. Potter's cross-motion and

that Ms. Potter acted inequitably, unreasonably, and dishonestly in filing the bankruptcy petition.  See id. at 15.  We therefore conclude that the Bankruptcy Court properly granted the § 362(d) motion, and the District Court properly affirmed on appeal.

C.A. No. 23-2625 (Civil Action Appeal)

We can quickly dispense with the Potters' arguments in this appeal.[4]  First, they present many of the same challenges that we reject above regarding the Bankruptcy and District Courts' authority vis-à-vis the § 362(d) motion.  The Potters also contend that the District Court violated their due process rights by declining to refer the entire civil action to the Bankruptcy Court pursuant to its "Standing Order of Reference 12-1."[5]  But the decision to refer a bankruptcy matter is discretionary, see In re Resorts Int'l, Inc., 372 F.3d 154, 162 (3d Cir. 2004), and the District Court adequately explained why there was cause not to do so here.  See Potter I, ECF No. 118; see also Standing Order of Reference 12-1 (noting that a district court may withdraw a referred case or proceeding for cause).

Finally, although the Potters' argue that their tort claims were wrongfully dismissed, they do not meaningfully challenge the District Court's decision.  The District

---

motion to not to reopen the case; the District Court noted that Mr. Potter's motions were identical to Ms. Potter's, and would have been denied for the same reasons.  See id. at 9 n.6, 11 & n.7.

[4] We note that the Potters have forfeited review of the issues/"legal arguments" listed but not addressed in their briefs, see Appellants' Br. at 1-2, Reply Br. at 1-2.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Fed. R. App. P. 28).

[5] See United States District Court for the District of New Jersey, Standing Order of Reference, dated July 23, 1984, amended September 18, 2012 (providing that "any or all" cases or proceedings arising under or in, or related to, Title 11 "shall be referred to a bankruptcy judge in the district").

Court determined that the claims against the state defendants (including Jon M. Reilly) were barred by the two-year statute of limitations (SOL) of the New Jersey Tort Claims Act (NJTCA).  See Potter I; ECF No. 145 at 23-25 (citing N.J. Stat. Ann. § 59:8-8).  The Potters maintain that these state defendants were precluded from relying on the SOL defense by the NJTCA's public employee immunity exception, see N.J. Stat. Ann. § 59:3-14(a), which "strips away immunity for acts of willful misconduct."  Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1113 (N.J. 2009).  We agree with the state defendants, however, that there is no basis for concluding that the immunity exception subjects them to time-barred claims.  See Velez v. City of Jersey City, 850 A.2d 1238, 1244 (N.J. 2004) (holding that the procedural requirements of § 59:8-8 apply to intentional torts); see also Stoeckel v. Township of Knowlton, 902 A.2d 930, 943-44 (N.J. Sup. Ct. App. Div. 2006) (remanding for determination as to whether the intentional tort claims were barred by the statute of limitations).

Based on the foregoing, we will affirm the District Court's judgment affirming the Bankruptcy Court's order lifting the automatic stay, and the District Court's orders dismissing the civil action claims.